[Civ. No. 120.   First Appellate District.—January 2, 1906.]

# W. D. JAMESON, Respondent, v. SIMONDS SAW COMPANY et al., Defendants.   SIMONDS MANUFACTURING COMPANY, Appellant.

CORPORATIONS—RESIDENCE—JURISDICTION OVER FOREIGN CORPORATIONS DOING BUSINESS IN STATE.—The residence of a corporation is within the state in which it is created, and so long as it confines the exercise of its corporate powers within that state, it is beyond the reach of the process of courts of other states. In order that those courts may acquire jurisdiction to render a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, its presence in those states must be manifested by the transaction of its corporate business therein, or by such acts as will indicate the exercise therein of its corporate powers, at the time the process of the court is served upon it.

ID.—SERVICE OF SUMMONS ON FOREIGN CORPORATION.—Under section 411 of the Code of Civil Procedure, in order that the court may get jurisdiction over a foreign corporation, it is requisite that such corporation shall be "doing business" within the state at the time the summons is served, and that the service shall be made upon its agent who is managing that business, or upon its cashier or secretary.

ID.—QUASHING SERVICE OF SUMMONS—BURDEN OF PROOF.—On a motion to quash the service of summons on a foreign corporation, the burden of showing that it was doing business in this state, at the time of the service, rests upon the plaintiff when that fact is denied by the defendant.

ID.—AGENT OF FOREIGN CORPORATION—EXCLUSIVE RIGHT TO SELL.—A local corporation, whose only relation with a foreign corporation is that of a purchaser of goods manufactured by it by orders sent through the mail, which goods after being purchased became the property of the local company and were sold by it for its own account, is not an agent of the foreign corporation, within the meaning of section 411 of the Code of Civil Procedure, authorizing service of summons on an agent, notwithstanding the local company may have designated itself as the agent of the foreign company on the letterheads used by it in its correspondence; and the foreign company cannot be considered as "doing business" in this state, either from the fact that it had knowledge that the local company so designated itself on its letterheads, or from the fact that the local company had the exclusive right to sell in a limited territory the articles manufactured by the foreign company.

ID.—SERVICE ON PRESIDENT OF CORPORATE AGENT.—If a local corporation is the agent of a foreign corporation, a service of summons on the president of the local company is not a service on the foreign company.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles E. Naylor, and William P. Hubbard, for Appellant.

W. J. Herrin, for Respondent.

HARRISON, C. J.—Action to recover from the defendants for services alleged to have been rendered them by the plaintiff, under employment as traveling salesman to introduce and sell their wares in this state. The Simonds Saw Company is a corporation organized under the laws of this state, and engaged in the sale of merchandise consisting chiefly of articles manufactured elsewhere. The Simonds Manufacturing Company, the appellant herein, is a foreign corporation, organized under the laws of Massachusetts, and engaged in the manufacture of saws and other articles in that state. Proof of the service of the summons upon the appellant, as set forth in the judgment-roll, was made by the affidavit of E. J. Hanson, who states: "That on the 12th day of February, 1903, at the city and county of San Francisco, state of California, he personally served the summons issued in the above-entitled action on John Simonds, the business agent of the defendant Simonds Manufacturing Company, by then and there delivering to and leaving with John Simonds, the business agent of said defendant, personally, a copy of said summons (together with a copy of the complaint) ; that John Simonds, the business agent of the said defendant, the Simonds Manufacturing Company, was at the time of the said service upon him, a resident of the city and county of San Francisco, state of California." The said defendant, appearing specially for that purpose, moved to set aside and quash this service upon the ground that at the time thereof it was not doing business within this state, and that the said John Simonds was not a managing or business agent or cashier or secretary of said defendant, and that said defendant had never designated him as a person upon whom process might be served in this

state.   The motion was heard upon affidavits and oral tes-
timony, and was denied.   Judgment upon its default was
thereupon entered against the said defendant as prayed for
in the complaint, from which it has appealed upon the
ground that by such service the court did not acquire jur-
isdiction over its person.   The appeal is presented upon the
judgment-roll, including a bill of exceptions containing the
evidence upon which the motion to set aside the service
was heard and determined.

At common law, jurisdiction in an action at law could not
be obtained over a foreign corporation except by its volun-
tary appearance.   Under the wide extension of business and
commercial intercourse in modern days, corporations formed
for such business are accustomed to establish agencies and
branches in countries other than that of their creation, and
it is now held by the English courts that a foreign corpora-
tion, by establishing an office in England and carrying on
business there, is to be considered as a resident of England,
and may be sued in its courts.   (*Newby* v. *Colt's Patent
Firearms Co.,* L. R. 7 Q. B. 293; *Haggin* v. *Comptoir
d'Escompte de Paris,* L. R. 23 Q. B. D. 519.)   Under the
system prevailing in this country, corporations are regarded
as citizens of the state in which they are created; but in
other states are regarded as foreign corporations, and their
right to transact business therein is subject to such con-
ditions and restrictions as the legislatures of those states
may prescribe.   For the purpose of enabling their courts
to acquire jurisdiction over foreign corporations statutory
provisions for the service of process upon them are enacted,
and must be strictly followed in order to give validity
to their judgments.   The residence of a corporation is
within the state in which it is created, and, so long as it
confines the exercise of its corporate powers within that
state, it is beyond the reach of the process of courts of other
states.   In order that those courts may acquire jurisdic-
tion to render a personal judgment against such foreign cor-
poration otherwise than by its voluntary appearance, its
presence in those states must be manifested by the trans-
action of its corporate business therein, or by such acts as
will indicate the exercise therein of its corporate powers.
A fundamental requisite for acquiring such jurisdiction is

that the foreign corporation shall be doing business within the state at the time the process of the court is served upon it. In *St. Clair* v. *Cox*, 106 U. S. 350, [1 Sup. Ct. 354], Mr. Justice Field, in giving the opinion of the court, said: "When service is made within the state upon an agent of a foreign corporation it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record, either in the application for the writ, or accompanying its service, or in the pleadings or the findings of the court, that the corporation was engaged in business in the state." In *Doe* v. *Springfield Boiler etc. Co.*, 104 Fed. 684, [44 C. C. A. 128], the circuit court of appeals for this circuit said, in construing section 411 of the Code of Civil Procedure: "Legal service of process upon a corporation which will give a court jurisdiction over it can be made only in the state where it resides by the law of its creation, or in a state in which it is actually doing business at the time of service, in the manner prescribed by the statutes of that state or of the United States. The question as to what kind of business by a foreign corporation within a state will justify a finding that it is engaged in business therein, and validate a service upon its agent, has been very thoroughly and elaborately discussed in the circuit and supreme courts of the United States, and the general consensus of opinion is that the corporation must transact within the state some substantial part of its ordinary business by its officers or agents appointed and selected for that purpose, and that the transaction of an isolated business act is not the carrying on or doing business in a state" (citing several cases). That a single transaction does not constitute "doing business" within the state, see *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727, [5 Sup. Ct. 739]; *United States* v. *American Bell Telephone Co.* (C. C.), 29 Fed. 17; *St. Louis Wire M. Co.* v. *Consolidated Barb Wire Co.* (C. C.), 32 Fed. 802; *Clews* v. *Woodstock Iron Co.* (C. C.), 44 Fed. 31; nor will service upon an officer of a corporation not doing business within the state, and not having authorized anyone to represent it, who may be casually within the state, give jurisdiction over such corporation. (*Goldey* v. *Morning News,* 156 U. S. 518, [15 Sup. Ct. 559].)

Section 411 of the Code of Civil Procedure declares that the summons in a civil action must be served by delivering a copy thereof, "(2). If the suit is against a foreign corporation doing business in this state, and having a managing or business agent, cashier or secretary within this state, to such agent, cashier or secretary." Under the provisions of this section, in order that the court may get jurisdiction over a foreign corporation, it is requisite that such corporation shall be "doing business" within the state at the time the summons is served, and that the service shall be made upon its agent who is managing that business, or upon its cashier or secretary. We are of the opinion that upon the evidence before the court it was clearly shown that the appellant was not doing business within this state at the time the summons was served, and that the court should have granted the motion to set the service aside.

By reason of the allegation in the complaint that the appellant is a foreign corporation, it became incumbent upon the plaintiff to show that at the time of the service it was doing business within the state. He alleged that fact in his complaint, but an issue thereon was created by the affidavit of the president of the appellant read at the hearing of the motion, and the burden of sustaining his allegation was therefore cast upon the plaintiff. One of the facts upon which he relied to show that the appellant was doing business in this state is that he was employed by it to sell wares, which it manufactured, and that his salary was paid by it. He was in Oregon at the time of his employment, and his employment was made by a letter written from San Francisco in the name of the Simonds Saw Company, and signed by John Simonds, who was president of that corporation, in which an offer of the plaintiff to enter the employment of the saw company was accepted. Although he testified that he was employed by the appellant, he presented no direct evidence of such employment or of any employment other than the said letter written by John Simonds, or that Simonds had any authority from the appellant to employ him. It was clearly shown that he was not employed for the appellant, but that he was employed by the Simonds Saw Company to travel as a salesman for the goods that that company carries; and while it might be held that a traveling

salesman engaged in selling goods for a foreign corporation
for its account would be regarded as the transaction of busi-
ness by such corporation, the employment of a person under
a delegated authority from such corporation to act as such
salesman would not of itself be regarded as ''doing business''
by the corporation. In the present case, however, the plain-
tiff was employed to sell the goods of the Simonds Saw Com-
pany, and not the goods of the appellant, nor was he at any
time engaged in selling the goods of the appellant. The ap-
pellant had neither property nor a place of business within
this state, nor did it sell any of its wares here. The goods
which the plaintiff was employed to sell, and which he sold,
were the goods of the saw company, and he was at all times
under its direction, and his expenses were paid by that com-
pany. The Simonds Saw Company was a dealer in manufac-
tured articles of various kinds, which it purchased from differ-
ent manufacturers, of whom the appellant was one. Its busi-
ness was in no respect connected with that of the appellant,
its only relation with it being that of a purchaser by orders
sent through the mail of goods manufactured by it. The goods
when thus purchased by the saw company became its own
property, and were sold by it for its own account, and the
plaintiff was employed by it to sell them for its account, and
accounted to it for whatever sales he made. The payment
of his salary by the appellant was explained at the hearing
of the motion to have been in the nature of an allowance or
rebate made by it to the saw company of the amount of the
plaintiff's salary, so that the saw company might be to that
extent aided in meeting the expenses of pushing its goods, and
thus make a profit while competing with others; and was made
in this form rather than by a deduction or credit of the same
amount of money upon the bills of merchandise which the saw
company should purchase from it in order that the appellant
might preserve a uniform price in the sale of its goods in dif-
ferent places.

Another fact relied on by the plaintiff was that certain
letterheads of the Simonds Saw Company were introduced in
evidence, upon which was printed a list of articles of different
manufactures in which it dealt, and underneath the name of
the appellant was the word ''Agencies,'' beneath which there
were printed several places of address in different states, the

last of which was "Simonds Saw Company, San Francisco, Cal."

The printing and use of these letterheads was the act of the Simonds Saw Company, and not of the appellant. The saw company could not thus constitute itself the agent of the appellant, nor would the knowledge of the appellant that it had so styled itself make the saw company its agent, or, in the absence of any showing that it had acted as such agent with its approval or assent, be the transaction of any business by the appellant. It is a matter of common knowledge that frequently the manufacturer of articles gives to some person or firm the exclusive right to sell such article within a designated territory, and that such person or firm styles itself the exclusive agent for the sale of such article. The goods thus dealt in by the agent are purchased by him from the manufacturer, but the manufacturer is not doing business within that territory by reason of the sale of its wares by such self-styled exclusive agent. It may be added that if the Simonds Saw Company was the agent of the appellant the service on "John Simonds" was insufficient.

*Gottschalk Co.* v. *Distilling etc. Feeding Co.* (C. C.), 50 Fed. 681, was a case in many respects similar to the present one. In that case an Illinois corporation selected persons in different states to whom it sold its products exclusively, and whom it designated in its printed circulars as "distributing agents." In the state of Maryland it designated one Webb as such "distributing agent," to whom it sold its wares and by whom they were resold in that state. The Maryland code provided that any foreign corporation which should transact business in the state should be liable to suit for any cause of action, and that process might be served upon it by service upon any agent or other person in the service of such corporation. The process in the above suit was served upon Webb, and, upon motion of the defendant, the court set aside the service upon the ground that the Illinois corporation did not transact business within the state, saying: "The defendant did not transact business in Maryland in any other sense than any foreign corporation does when it sells goods at its home office and ships to a resident of Maryland. The defendant, according to the proof, has no office in Maryland, and it has no goods in Maryland, and it receives no money in Maryland, and

has no agent here authorized either to sell goods for it or to receive any money for it. The goods purchased from the defendant by Webb, and by the plaintiff, were absolutely their own, and subject to their own control and at their own risk." In reference to the argument drawn from the fact that in its published circulars the corporation designated Webb as its distributing agent, the court said: "The mere name, however, cannot give a representative capacity to a person who does not in fact have it and never attempts to exercise it. These so-called distributing agents were such only in the sense that any wholesale house or commission merchant who handles the goods of a manufacturer may be said to be a distributor of its products, and there is nothing unusual in a manufacturer selling exclusively to one person in a given territory and insisting that such person shall sell only at fixed prices and on fixed terms to his customers."

In *Doe* v. *Springfield Boiler etc. Co., supra,* the contract with the defendant was entered into through one Smallman, who was a commission broker at San Francisco. Smallman procured from the corporation certain letterheads with its name and business lithographed thereon, to which he added his own place of business in San Francisco, and his name as "agent." The contract was made by an offer of sale on the part of the corporation and an acceptance signed by the plaintiff written upon these letterheads. In a suit against the defendant the plaintiff caused the summons to be served upon Smallman, but the service was set aside upon the ground that Smallman was not a business agent of the defendant. In affirming this order the circuit court of appeal, after quoting the provisions of section 411 of the Code of Civil Procedure, said: "The service of process under the provisions of this statute is jurisdictional, and must always be such as to constitute due process of law. The term 'business agent' as used in the statute does not mean every man who is intrusted with a commission or an employment by a foreign corporation. It does not mean any man who does any kind of business for a corporation. The statute was never intended to include under the term 'business agent' every person who might incidentally or occasionally transact some business for a foreign corporation. Its meaning must be drawn from the general context of the language used. The business agent

mentioned in the statute means one bearing a close relation to the duties of managing agent, cashier or secretary of the corporation. It must be an agent who is appointed, designated or authorized to transact and manage one or more distinct branches of business which may be and is conducted and carried on by the corporation within the state where the service is made—one who stands in the shoes of the corporation in relation to the particular business managed, conducted and controlled by him for his corporation. To constitute a managing or business agent upon whom service of summons could be made the agent must be one having in fact a representative capacity and derivative authority, and not one created by construction or implication, contrary to the intention of the parties'' (citing several cases).

The judgment is reversed.

Cooper, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 31, 1906.