[Civ. No. 1120. Third Appellate District.—December 20, 1913.]

A. H. CARPENTER, Appellant, v. GEORGE H. BRADFORD et al., Respondents.

FOREIGN CORPORATION—SERVICE OF SUMMONS—"DOING BUSINESS" IN STATE AS PREREQUISITE TO JURISDICTION.—Under section 411 of the Code of Civil Procedure it is requisite, in order that a court may acquire jurisdiction over a foreign corporation, that the corporation shall be "doing business" within the state at the time summons is served; and if the proof of an alleged service of summons does not make such a showing, the court is justified in refusing to enter judgment against the corporation.

ID.—LICENSE—FORFEITURE ON FAILURE TO PAY—ACTION TO COMPEL REISSUANCE OF STOCK—PARTIES.—A foreign corporation which has forfeited its right to do business in the state by failing to pay the license-tax, is not a proper party defendant to an action, brought by one who has acquired shares therein since such forfeiture, to compel the reissuance of stock. Such action can be maintained, if at all, only against the directors as trustees of the corporation.

ID.—PURCHASER OF STOCK — RIGHT TO COMPEL REISSUANCE.—The directors of a foreign corporation which, through failure to pay the license-tax, has forfeited its right to do business in the state, cannot be compelled to reissue stock to one who, at an execution sale subsequent to such forfeiture, purchased the shares belonging to and standing in the name of the judgment debtor.

ID.—REMEDY OF PURCHASER—ACCOUNTING—PARTICIPATION IN ASSETS OF CORPORATION.—But it does not follow that such purchaser is without remedy; if he has succeeded to the interest of one of the stockholders, he is entitled to an accounting and to participate in any distribution of the assets of the corporation.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

O. B. Parkinson, for Respondents.

BURNETT, J.—The vital question involved in this appeal is whether the directors of a foreign corporation, after it had

forfeited its franchise to do business in this state by reason of its failure to pay the license-tax, can be compelled to reissue stock to one who purchased, at an execution sale subsequent to said forfeiture, the shares belonging to and standing in the name of the judgment debtor.

It is alleged, in the amended complaint, that "said corporation neglected and refused to comply with the statutes of this state requiring it to pay an annual tax to the secretary of state for its license to do business, as such foreign corporation, within the state of California, for the year 1907, and thereafter on the 30th day of November, 1907, it forfeited all its said rights and privileges under the laws of this state to do or transact any business as such corporation within the state of California." It further appears therein that, on January 20, 1908, said execution sale occurred and plaintiff became the purchaser and secured from the sheriff the certificate of sale of 333,005 shares of the capital stock of the corporation and "on or about the 20th day of January, 1908, at Stockton, California, plaintiff herein handed to said defendant trustees and executive and proper officers of said corporation said certificate of sale, so received from said sheriff, and then and there demanded, and on divers days and times since said date has demanded, that a proper certificate of stock or other evidence showing his interest in said corporation and the property thereof be issued to him for the stock so purchased at said sheriff's sale," but that defendants refused and have ever since refused to comply with plaintiff's demand or to take any action in the matter at all.

When the case came up for trial objection was made to the introduction of any evidence on the ground that the corporation having no right to do business "and no certificates of stock in legal effect, no evidence can be introduced for the recovery of certificates of stock." The judge, in sustaining the objection, stated: "I am satisfied that these trustees or directors of this Three Star Company are without power to issue certificates if they wished to do so under the law." Then, adverting to the allegation of damages in the complaint, he inquired if plaintiff desired to put in any evidence as to that and plaintiff stated: "If the defendants were not bound to issue certificates of stock or to recognize plaintiff's right

23 Cal. App.—36

to any interest in said corporation or the property thereof, we do not think evidence of such damage would be admissible. We now move for a judgment against the Three Star Company, a corporation organized under the laws of the territory of Arizona, in accordance with the prayer of the amended complaint, the default of said defendant having been duly entered by the clerk, the record showing service upon the secretary of said corporation." This motion was denied "on the ground that the court has no jurisdiction of said corporation." Whereupon the action was dismissed with costs in favor of the individual defendants who had appeared.

The refusal of the court to enter judgment against the corporation is justified on two grounds: 1. There was no sufficient proof of service upon said corporation, the affidavit as to the summons showing that N. W. Mahaffey served it on the said Three Star Company "by handing to and leaving with George A. Brown, Jr., personally, who was secretary of said corporation, in the county of San Joaquin, state of California, a copy of said summons," etc., and there is a similar affidavit of the service of the amended complaint. There was no showing that at the time of said service or, indeed, at any time, the said foreign corporation was *doing business* in California. In fact it sufficiently appears that when the attempted service was made, the corporation was not doing and had no authority to do business in this state. "Section 411 of the Code of Civil Procedure declares that the summons in a civil action must be served by delivering a copy thereof . . . '2. If the suit is against a foreign corporation, doing business in this state and having a managing or business agent, cashier or secretary within this state, to such agent, cashier or secretary.' Under the provisions of this section, in order that the court may get jurisdiction over a foreign corporation, it is requisite that such corporation shall be 'doing business' within the state at the time the summons is served, and that the service shall be made upon its agent who is managing that business, or upon its cashier or secretary. . . . By reason of the allegation in the complaint that the appellant is a foreign corporation, it became incumbent upon the plaintiff to show that, at the time of the service, it was doing business within the state."

(*Jameson* v. *Simonds Saw Co.*, 2 Cal. App. 586, [84 Pac. 289]. See, also, *Herron Co.* v. *Westside Electric Co.*, 18 Cal. App. 778, [124 Pac. 455].)

Again, the corporation was not a proper party defendant. The cause of action, if any, could be maintained only against the directors as trustees of said corporation. As stated in *Reed & Co.* v. *Harshall*, 12 Cal. App. 704, [108 Pac. 719]: "By section 102 of an act of the legislature of 1907 (Stats. 1907, pp. 746, 747), amendatory of the act of 1905 (Stats. 1905, pp. 493, 494), requiring the payment by corporations of an annual license-tax to the state, it is provided that the directors or managers in office of a domestic corporation, whose charter is forfeited, or of a foreign corporation whose right to do business in this state is forfeited, because of failure to pay such tax, are deemed to be the trustees of such corporation and the stockholders and members of such corporation, and have full power as such trustees, to settle the affairs of the corporation and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations, etc." It is further provided in said statute that "Such directors or managers, as such trustees, may be sued in any of the courts of this state by any person having a claim against any of said corporations." Such foreign corporation is not exactly "defunct," as claimed by respondents, as the state cannot take away its charter, but it is at least a case of "suspended animation." It can do nothing as a corporation in this state and the only recognition to be accorded it by the courts here is in the settlement of its affairs and this is to be accomplished through the agency of said trustees.

The cases cited by respondents, *Kaiser Land & F. Co.* v. *Curry*, 155 Cal. 638, [103 Pac. 341]; *Lewis* v. *Curry*, 156 Cal. 95, [103 Pac. 493], and *Lewis* v. *Miller & Lux*, 156 Cal. 102, [103, Pac. 496], directly involve domestic corporations, but the opinions are instructive as to the significance and scope of the license-tax legislation.

In the last of these it is said: "The directors of the corporation having taken charge of its affairs as trustees as provided in section 400 of the Civil Code and the corporation having ceased to exist, neither the corporation itself nor its directors can be compelled to continue to do business by re-

issuing stock transferred from one of its stockholders to another person." Although it may not be accurate to say here that the "Three Star Company," being a foreign corporation, has "ceased to exist," yet, as far as its powers and activities in this state are concerned, it is in exactly the same situation as the corporation considered in the said Miller & Lux case. If the statute already quoted left any doubt as to this it should apparently be removed by a consideration of section 9 of said act of 1905, providing that "Any person or persons who shall exercise any powers of a foreign corporation which shall have forfeited its right to do business in this state, shall be guilty of a misdemeanor." The said corporation and its directors having no authority to transact any corporate business or to exercise any corporate power whatever in this state, the court was right in finding that the defendants could not be compelled to make the requested reissue of stock.

It does not follow, however, that plaintiff is without remedy. If he has succeeded to the interest of one of the stockholders he is entitled to an accounting and to participate in any distribution of the assets of the corporation. It is said, in *Lewis* v. *Miller & Lux,* 156 Cal. 102, [103 Pac. 496] : "The holders of such stock by assignment, of course, have a right to participate in the division of the corporate assets by virtue of such ownership, but the machinery of the corporation has been superseded by that of the parties in liquidation, and they cannot be allowed or required to perform further functions in their capacity as a corporation or as directors thereof."

Appellant contends that the refusal of defendants to issue the stock and to recognize his right to any interest in the property amounted to "an unlawful conversion for which action would lie; and this would be true even if the defendant had been a domestic corporation and had forfeited its charter; and in such case it would have been legally obligated to recognize plaintiff's right or interest in the corporation or its property (*Kimball* v. *Union Water Co.,* 44 Cal. 175, [13 Am. Rep. 157] ; *Ralston* v. *Bank of California,* 112 Cal. 208, [44 Pac. 476] ; *Ashton* v. *Heggerty,* 130 Cal. 516, [62 Pac. 934] ; *Craig* v. *Hesperia Land etc. Co.,* 113 Cal. 8, [54 Am. St. Rep. 316, 35 L. R. A. 306, 45 Pac. 10 ]), and the

interest in the value of the stock would be the damages that the plaintiff was entitled to recover. (*Black* v. *Vermont Marble Co.*, 137 Cal. 683, [70 Pac. 776] ; *Kelley* v. *McKibben,* 54 Cal. 192.) ''

The cases cited apply to ''going'' concerns, but, if we accept the theory of appellant as thus stated, it can be of no avail to him as he declined to offer any evidence that he was damaged by the action of defendants, the answer of the individual defendants having denied ''that any shares of stock of said corporation at the time alleged in said complaint, or at any other time was, or that the same is of the value of one dollar per share or of any value whatever.'' It may be said that all the other material allegations of the complaint were denied in said answer and no attempt was made to prove any of them with the single exception hereinbefore pointed out. In fact, appellant rested upon the contention that it was the duty of defendants to reissue to him the said stock. It may be that his complaint was broad enough to entitle him to the relief hereinbefore suggested if he had insisted upon it.

It may be observed, also, that the determination of the trial court was in effect a judgment of nonsuit and, of course, .it will not preclude appellant from hereafter asserting and maintaining by an appropriate method of procedure whatever legal claim he may have to any assets of said corporation.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1914.