[Civ. No. 14197.   Second Dist., Div. Two.   Dec. 9, 1943.]

HOLLYWOOD GARMENT CORPORATION (a Corporation), Appellant, v. J. BECKERMAN, INC. (a Corporation), Respondent.

Erwin P. Werner and Nathan Goldberg for Appellant.

Simon & Garbus for Respondent.

WOOD (W.J.), J.—Plaintiff has appealed from an order setting aside a default judgment against defendant.

It is alleged in the complaint, filed on October 27, 1941, in which a cause of action is set forth for the alleged breach of a written contract to deliver merchandise, that defendant is a foreign corporation and that at all times mentioned in the complaint it "did business in the State of California." An affidavit was filed on August 28, 1942, by plaintiff's attorney in support of an application for an order for service of summons under section 406a of the Civil Code. In this affidavit it is stated that defendant is a foreign corporation with its principal offices at 152 Madison Avenue, New York City, that no agent had been designated upon whom process could be served and that after due search no agent or other officer of defendant corporation could be found in California. Thereupon an order was made by the superior court authorizing service of summons upon the secretary of state in accordance with the terms of section 406a of the Civil Code. The default of defendant was entered on October 27, 1942, and on the same date judgment was entered in favor of plain-

tiff in the sum of $10,000. On March 11, 1943, defendant gave notice that it would on March 19, 1943, appear specially and move for an order to vacate and set aside the default and the default judgment upon the grounds that the court had no jurisdiction over defendant and that defendant was a foreign corporation which had not at any time done business in the State of California. An affidavit of the president of defendant corporation was filed with the notice of motion. The motion of defendant was granted on April 23, 1943.

A corporation is a resident of the state in which it is created. The process of the court of another state cannot reach a New York corporation so long as it confines the exercise of its corporate business within the state of New York. But it is generally provided by statute that when a corporation conducts business in a state other than that of its creation it is amenable to the process of the courts in the states where it conducts business. (*Jameson* v. *Simonds Saw Co.*, 2 Cal. App. 582 [84 P. 289].) In California sections 406 and 406a of the Civil Code provide for the designation of an agent by a foreign corporation doing business in the state and for the service of process on a corporation doing business within the state which has failed to designate an agent for such purpose.

Although plaintiff alleged in the complaint that defendant was doing business in California, this allegation was subject to refutation by defendant. In the affidavit filed in support of the motion to vacate the judgment it is positively stated that defendant corporation at no time maintained an office or show room in the State of California or conducted any business therein and that the transactions referred to in plaintiff's complaint were consummated in the States of New York and Pennsylvania. The issue was thus fairly presented to the court and plaintiff had the opportunity to prove its allegation that defendant was doing business in California. But no counteraffidavit was filed. Under the circumstances the court properly granted defendant's motion.

Plaintiff argues that since defendant's motion was made after the entry of the default of defendant, a collateral attack is being made upon plaintiff's judgment. In this plaintiff is in error. Defendant made a direct attack upon the judgment and the trial court properly received its affidavit in support of the motion to vacate. (*Shelley* v. *Casa De Oro, Ltd.*, 133 Cal.App. 720, 722 [24 P.2d 900].) Defendant did not forfeit its right to object to the jurisdiction of the court by its failure to appear before the entry of the default

and was limited only by the rule that its motion to vacate must be made within a reasonable time. It has been held that the standard for determining whether such a motion is made within a reasonable time is the period of six months fixed by section 473 of the Code of Civil Procedure. (*Smith* v. *Jones,* 174 Cal. 513, 516 [163 P. 890].) Defendant's motion was presented well within the six months' period. █ It was not necessary for defendant to state in its affidavit that it had a meritorious defense, for, the courts of California not having jurisdiction to enter the judgment, defendant could not be compelled to make a defense on the merits.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.