[Civ. No. 22897.   Second Dist., Div. Two.   Jan. 22, 1958.]

CONFIDENTIAL, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Birnbaum & Hemmerling for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, John R. Jacobs, Jr., and Harden C. Bennion for Respondents.

ASHBURN, J.—Pursuant to section 416.3, Code of Civil Procedure, petitioner seeks a writ of mandate requiring the Superior Court of Los Angeles County to enter an order quashing service of summons upon petitioner, a foreign corporation, in a certain libel action therein pending. The motion below and the instant proceeding rest upon two grounds, (1) that petitioner has never done business in California, and (2) that process was served after all California activities by or on behalf of petitioner had ceased and the action did not arise out of any business done by petitioner in this state.

It appears that Walter V. Liberace, also known as Liberace, filed an action in the Los Angeles Superior Court in May, 1957,* for recovery from petitioner, Confidential, Inc., and others, of damages for libel. The subject matter of the action is an article concerning Liberace which appeared in the July, 1957 issue of petitioner's magazine "Confidential" and is libelous on its face. On August 16, 1957, process was delivered to Marjorie Meade, presumably as general manager of Confidential, Inc. in this state, the service purporting to be made pursuant to section 6500, Corporations Code, which prescribes

---

*As hereinafter appears, May was the month in which the July issue of Confidential was sold in California and elsewhere.

methods for service upon a foreign corporation doing business within this state. On May 16, 1957, an order of court was made under sections 6501-6502, Corporations Code, directing service to be made upon petitioner through the Secretary of State, who received the papers on September 4, 1957, and promptly forwarded same to petitioner. Petitioner gave notice of special appearance and moved to quash each of said services of process.

The motions were heard together and were denied on November 6, 1957, whereupon petitioner obtained an alternative writ of mandate in this court. The superior court, as respondent, appears only by general demurrer and the real party in interest, Liberace, files no separate return. Thus the factual allegations of the petition stand admitted. It incorporates all the affidavits and depositions used upon the motions below. Petitioner there undertook to show that it never has been engaged in business within this state, nor had local contacts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (The test prescribed by *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].)

Petitioner's affidavits also allege that all California activities for or on behalf of Confidential ceased in March, 1957; that May was the month of circulation of the July issue of the magazine; that no sales of any later issue have been made within the State of California by its distributors or anyone else; that the Liberace story was not purchased from anyone in California, was not written here, or the facts assembled here; that no one in California had any connection with it or had any advance knowledge of it; that it had no connection whatever with any business transacted in this state. Petitioner concededly never qualified to do business in this state. Its counsel rely upon section 6504, Corporations Code, the pertinent portion of which reads: "A foreign corporation which has transacted intrastate business in this State and has thereafter withdrawn from business in this State may be served with process in the manner provided in this chapter in any action brought in this State arising out of such business, whether or not it has ever complied with the requirements of Chapter 3 of this part."[1] This phase of petitioner's

---

[1]Transacting intrastate business is defined by section 6203 as follows: " 'Transact intrastate business' means entering into repeated and successive transactions of its business in this State, other than interstate or foreign commerce."

showing was not controverted by any affidavits or other proof in the lower court. The averments of withdrawal from the state in March, 1957, are repeated in the petition now before us and are admitted by the demurrer.

Respondents' counsel rely upon two propositions, first, that it has been adjudicated that petitioner was doing business in this state, and second, that there is a presumption that this state of affairs has continued to date.

For an adjudication counsel rely upon the ruling in *Publishers Distributing Corporation and Marjorie Meade* v. *Superior Court, No. 22261* on the records of this court. That was an effort to quash service in a criminal prosecution entitled *The People of the State of California*, plaintiff, v. *Robert Harrison, etc. and others, No. SC 190871* on the records of the Los Angeles Superior Court. This court denied a petition for prohibition without opinion, and the Supreme Court denied a hearing in the same manner. It is to be noted that Confidential did not make the application; that Marjorie Meade purported to act for it and she had no standing so to do.

█ The denial without opinion of an alternative writ adjudges nothing except that, for reasons sufficient to the court, that writ should not issue; this is true except in rare instances.

█ "Until recently there has existed some doubt as to the legal effect of the denial, without opinion, of an application for an original writ. There was some language in some of the earlier cases that supported the view that ex parte denials, of petitions for original writs without opinion were deemed to be adjudications upon the merits and in subsequent proceedings conclusive upon the parties as to the legal questions presented by the applications for the writs. . . . Whatever confusion existed by reason of the language used in these cases was set at rest by the recent decision of *Funeral Dir. Assn.* v. *Board of Funeral Dirs.*, 22 Cal.2d 104 [136 P.2d 785], in which some of the language used in some of the above cases was expressly disapproved and some of the cases differentiated. The court held that the denial without opinion of an application for a prerogative writ (except habeas corpus) is not res judicata of the legal issues presented by the application unless the *sole possible* ground of the denial was that the court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits." (*McDonough* v. *Garrison*, 68 Cal.App.2d 318, 325 [156 P.2d 983].) To the same effect, see *Collins* v. *City & County of San Francisco,* 112 Cal.App.2d 719, 724 [247 P.2d 362]; *Most Worship-*

*ful Lodge* v. *Sons etc. Lodge,* 91 Cal.App.2d 582, 589 [205 P.2d 722] ; *Pease* v. *City of San Diego,* 93 Cal.App.2d 706, 712 [209 P.2d 843]. Confidential having made no application for a writ and Marjorie Meade having no standing to procure one on its behalf, it seems obvious that the former ruling was not on the merits of the present cause and adjudged nothing with respect to it.

Equally untenable is the respondents' contention that there is a presumption that petitioner, once shown to be doing business here, has continued to do so. Firstly, it has not been adjudged that petitioner was ever engaged in business here. Secondly, the presumption is one of evidence and cannot overcome the admitted allegation of the petition that Confidential withdrew from California in March, 1957. "The presumption of the continuance of facts once shown to exist (Code Civ. Proc., § 1963, subd. 32), declares merely a rule of evidence and has no application to the statement of facts in a pleading (*Fredericks* v. *Tracy,* 98 Cal. 658 [33 P. 750].)'' (*Herzog* v. *Atchison, Topeka etc. R. R.,* 153 Cal. 496, 501 [95 P. 898, 17 L.R.A.N.S. 428].) To same effect see *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192, 198 [106 P. 715, 21 Ann.Cas. 1279]; *Fredericks* v. *Tracy,* 98 Cal. 658, 660 [33 P. 750]; *Coburn* v. *Pearson,* 57 Cal. 306, 307; *Graybiel* v. *Consolidated Assns., Ltd.,* 16 Cal.App.2d 20, 25 [60 P.2d 164] ; *Gunderson* v. *Gunderson,* 4 Cal.App.2d 257, 261 [40 P.2d 956].

Moreover, a presumption cannot stand in the face of an admitted fact. (*People* v. *Milner,* 122 Cal. 171, 179 [54 P. 833] ; *Pacific Portland C. Co.* v. *Reinecke,* 30 Cal.App. 501, 504 [158 P. 1041]; *Pabst* v. *Shearer,* 172 Cal. 239, 242 [156 P. 466] ; *Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1, 8 [210 P. 269] ; *Russell* v. *Andersen,* 101 Cal.App.2d 684, 688 [226 P.2d 350].)

The burden rests upon a plaintiff who has served process upon a foreign corporation to establish that it was doing business in the state at the time of service, or had other sufficient contacts with its people or affairs to warrant the inference that it had subjected itself to the state's jurisdiction. (*Proctor & Schwartz* v. *Superior Court,* 99 Cal.App.2d 376, 379 [221 P.2d 972] ; *Martin Bros. Elec. Co.* v. *Superior Court,* 121 Cal.App.2d 790, 794 [264 P.2d 183] ; *Smith & Wesson, Inc.* v. *Municipal Court,* 136 Cal.App.2d 673, 679 [289 P.2d 26] ; *Borges Dusters, Inc.* v. *Southmost Aviation,* 152 Cal. App.2d 25, 27-28 [312 P.2d 712] ; *Carpenter* v. *Bradford,* 23 Cal.App. 560, 562 [138 P. 946] ; *Hollywood etc. Corp.* v. *J.*

*Beckerman, Inc.*, 61 Cal.App.2d 658, 660 [143 P.2d 738] ; *West Publishing Co.* v. *Superior Court*, 20 Cal.2d 720, 726 [128 P.2d 777].) Respondent made no affirmative showing below except the presentation of two depositions which proved very little, and the presentation in its memorandum of authorities of certain unauthenticated testimony alleged to have been given at the criminal trial above mentioned. Nevertheless we probably would find from petitioner's own affidavits, if necessary to pass upon the point, that Confidential had had sufficient contact with the affairs of California to measure up to that minimum of fair play which satisfies present day concepts of due process. But we are not required to pass upon that point because of the uncontradicted, the admitted, showing that Confidential had left the state four months or more before the attempted service of process and the alleged cause of action for libel did not arise out of any activities occurring in California.

■ Statutory authority is a necessary basis for service upon a foreign corporation. (*Jameson* v. *Simonds Saw Co.*, 2 Cal.App. 582, 584 [84 P. 289] ; *Perkins* v. *Benguet Consol. Min. Co.*, 342 U.S. 437, 440, 446 [72 S.Ct. 413, 96 L.Ed. 485].) And where the Legislature has provided for jurisdiction over a foreign corporation based upon something more than the minimum of due process (as that concept changes with the attrition of the years) it is not for the courts to set up some new and different standard. ■ Specifically, when the Legislature has declared that the departure of a foreign corporation from this state shall terminate the right to fasten jurisdiction upon it through service of process except in those cases where the cause of action arises out of business done within this jurisdiction, the courts are not free to strike down this limitation or to substitute their own views of what is the more enlightened or progressive approach to the subject. ■ Petitioner having departed from this state long before the service of process, and the cause of action not having arisen from intrastate business transacted here, petitioner is entitled to a peremptory writ.

Let the writ issue as prayed.

Fox, Acting P. J., and Kincaid, J. pro tem.,* concurred.

A petition for a rehearing was denied February 19, 1958.

---

*Assigned by Chairman of Judicial Council.