[Civ. No. 32583.   Second Dist., Div. One.   Mar. 12, 1968.]

FEDERAL MACHINE AND WELDER COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ABELARDO H. VERDUGO, a Minor, etc., Real Party in Interest.

Dunn, Lyon, Haight & Nye, Charles B. Smith and Henry F. Walker for Petitioner.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, for Respondent.

Flaum & Sheehy and Patrick F. Sheehy for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner seeks a writ of mandate

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

pursuant to section 416.3, Code of Civil Procedure, requiring the Superior Court for Los Angeles County to enter its order quashing service of summons upon petitioner, a foreign corporation, in an action brought by plaintiff, the real party in interest in this proceeding. The action was brought against petitioner and other defendants (not here involved) to recover damages for personal injuries suffered by plaintiff while operating a punch press in California.

Plaintiff did not obtain an order for service of the summons on the Secretary of State. Instead, his attorney forwarded a copy of the summons and complaint to the sheriff of the county in Ohio, wherein the City of Youngstown, Ohio, is situated, and the sheriff made personal service upon one, F. H. Dreher, who pursuant to Ohio law was named an agent for service of process on petitioner in Ohio. Petitioner appeared specially in the action and moved to quash service of summons upon the ground that the court did not acquire jurisdiction over petitioner by said service. The motion was denied.

In a declaration of petitioner's attorney filed in support of the motion to quash it is alleged: "The said defendant, Federal Machine and Welder Company, is an Ohio corporation which had its principal offices in Youngstown, Ohio. Neither at the time the cause of action alleged in the Complaint arose nor at the time of the purported service of Summons nor at any time subsequent thereto has there been any officer of said corporation in the State of California for purposes of the business of said corporation and said corporation has no general manager or other agent within the State of California and has no designated agent for service of process therein." It is further alleged that: "On August 30, 1967, I had a telephone conversation with Patrick F. Sheehy, Esq., of counsel for plaintiff herein in which said attorney informed me that he had ascertained from the Secretary of State of the State of California that said corporation had no designated agent for service of process in the State of California and that thereafter the Secretary of State of the State of Ohio had informed him that the said F. H. Dreher was the designated agent for service of process in the State of Ohio for said corporation. Said attorney further informed me that he had forwarded process to the appropriate Sheriff's office and directed that service be made on the said F. H. Dreher in Youngstown, Ohio."

Petitioner contends that, since it had no officer or general

manager in California, and no agent had been designated for service of process in this state, it was necessary for plaintiff to obtain an order of court authorizing service upon the Secretary of State of California; that such an order must be based upon an affidavit showing that the corporation sought to be served is subject to California jurisdiction in that it is doing business in the state, and that valid service cannot be made by personal delivery of process in another state to a person authorized to be served under the laws of that state.

No counteraffidavits or declarations were filed by plaintiff. It is conceded by plaintiff that service was made as above stated, and that no attempt was made to serve the Secretary of State of the State of California pursuant to section 6501 of the Corporations Code. It is plaintiff's position that it is permissible and proper to serve a foreign corporation by causing service to be made on said corporation's agent designated for service of process in the foreign jurisdiction (here, Ohio) if he can be located; that this is all that is required under section 6500; that a corporation so served must then make an affirmative showing that it is not doing business within the State of California and that, since petitioner made no such showing, the decision of respondent court should not be disturbed.

We are in accord with the contentions made by petitioner. "A foreign corporation may subject itself to the jurisdiction of the courts of a state in much the same way that a nonresident individual does, e. g., by consent or doing acts in the state. (See Rest., Judgments, § 28.) The two common and important bases are (1) *appointment of agent,* a form of consent; (2) *doing business* . . . Unless one of these bases is present, jurisdiction cannot be obtained." (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 87, pp. 353-354.) "Whatever the form of a particular statute authorizing service of process upon the agent of a foreign corporation which has not complied with the qualifying laws of a state, it is a fundamental requisite under the federal Constitution that the corporation shall be 'doing business' in the jurisdiction where the service is made to sustain its validity. [Citations.]" (*West Publishing Co.* v. *Superior Court,* 20 Cal.2d 720, 726 [128 P.2d 777].)

█ A corporation is a resident of the state in which it is created and the process of a court of this state cannot reach such corporation so long as it confines its business within that state. (Cf. *Hollywood etc. Corp.* v. *J. Beckerman, Inc.,* 61 Cal.App.2d 658, 660 [143 P.2d 738]; *Oro Nav. Co.* v. *Superior*

*Court,* 82 Cal.App.2d 884, 887 [187 P.2d 444].) On the other hand, if the foreign corporation is doing business in this state and jurisdiction is to be acquired through a prescribed form of constructive notice, "the statutory conditions upon which service depends must be strictly construed; there must be strict compliance with the mode prescribed in the statute. Conformance with the statute is deemed jurisdictional and absence thereof deprives the court in the particular action of power to render a judgment." (*Eagle Elec. Mfg. Co.* v. *Keener,* 247 Cal.App.2d 246, 250-251 [55 Cal.Rptr. 444].)

If an action is filed in this state "against a foreign corporation . . . doing business in this state," the summons must be served in the manner provided by sections 6500 to 6504 of the Corporations Code. (Code Civ. Proc., § 411.) Section 6500 of the Corporations Code provides, so far as relevant here that "Delivery by hand of a copy of any process against a foreign corporation . . . (b) to any natural person designated by it as agent for the service of process, or (c) if the corporation has designated a corporate agent, at the office of such corporate agent in the city, town or village named in the statement filed by the corporation pursuant to Section 6403 to any person at such office named in the certificate of such corporate agent filed pursuant to Section 3301.5 or 6403.5 . . . shall constitute valid service on the corporation." Section 6403 of the same code provides that the statement to be filed with the Secretary of State must set forth, among other things, "the name of an agent upon whom process directed to the corporation may be served *within* this State." (Italics ours.) Section 6501 provides that if the agent designated for process cannot be found, "or if no agent has been designated and if no one of the officers or agents of the corporation specified in Section 6500 can be found after diligent search and it is so shown by affidavit to the satisfaction of the court or judge, then the court or judge may make an order that service be made by personal delivery to the Secretary of State. . . ."

■ It seems obvious from what we have said that, in order to obtain jurisdiction by service of summons on an agent of a foreign corporation which is allegedly doing business within this state, such service must be made within this state on a properly designated agent within this state or on the Secretary of State pursuant to a court order. ■ It seems equally obvious that the service of summons on an agent of a foreign corporation in the state in which it is doing business, without more, is not enough to confer any jurisdic-

tion on the court of this state issuing the summons, even though the person served is the person designated under the laws of the foreign jurisdiction upon whom process may be served in that state.

■ It is true, as argued by plaintiff, that petitioner has made no showing in support of its motion to quash that it was not doing business in California. No such showing was necessary for, even assuming that petitioner was in fact doing business in this state, service was not in accordance with the statutory requirements. ■ It should be enough to point out that when the validity of service of process upon a foreign corporation is challenged, the burden is upon the plaintiff to prove that such corporation was doing business in this state, or to establish other requisite statutory authority as a basis of the service. (*Confidential, Inc.* v. *Superior Court,* 157 Cal. App.2d 75, 79 [320 P.2d 546], and cases there cited; *Detsch & Co.* v. *Calbar, Inc.,* 228 Cal.App.2d 556, 565 [39 Cal.Rptr. 626].)

Let a peremptory writ of mandate issue requiring the respondent court to enter an order quashing the service of summons on petitioner in the case of Verdugo, etc. v. General Electric Company, et al., action number SE C 5456.

Wood, P. J., and Lillie, J., concurred.