AMERON, a California Corporation,
Plaintiff-Appellee,

v.

ANVIL INDUSTRIES, INC., an Ohio
Corporation, and Baton Rouge Manu-
facturing Co., Inc., an Ohio Corpora-
tion, Defendants-Appellants.

No. 74–3197.

United States Court of Appeals,
Ninth Circuit.

Oct. 22, 1975.

Timothy L. Walker (argued), Los An-
geles, Cal., for defendants-appellants.

Rex W. Kellough (argued), Hill, Farrer
& Burrill, Los Angeles, Cal., for plain-
tiff-appellee.

OPINION

Before CHAMBERS and TRASK, Cir-
cuit Judges, and VON DER HEYDT,*
District Judge.

PER CURIAM.

This is an appeal from a default judg-
ment entered in this diversity action pur-
suant to Fed.R.Civ.P. 55(b). Our review
is predicated upon 28 U.S.C. § 1291.

Appellee Ameron instituted this action
seeking recovery on alternative counts
for breach of contract, goods sold and
delivered, and an account stated between
the appellee and appellants. Additional-
ly, a claim was stated against appellant
Anvil Industries, Inc. based upon its un-
dertaking to guarantee certain obliga-
tions of appellant Baton Rouge Manufac-
turing Co., Inc. The appellants appeared
specially for the purpose of moving to
quash service and to dismiss the com-
plaint for lack of *in personam* jurisdic-
tion. After denying the appellants' mo-
tions, the trial court entered a default
judgment against them pursuant to Fed.
R.Civ.P. 55(b) for failure to answer or
otherwise defend the action.

* Honorable James A. von der Heydt, United States District Judge, District of Alaska, sit-
ting by designation.

Two issues are raised by this appeal. First, whether service of process was properly effectuated upon these corporate defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and section 416.10 of the California Code of Civil Procedure. Second whether the district court's exercise of *in personam* jurisdiction was proper under the California Jurisdiction and Service of Process Act of 1969 (Code Civ.Proc. § 410.10 et seq., effective July 1, 1970), and the due process clause of the Constitution of the United States.

■ Turning to the first issue, it is apparent appellants' contention, that service of process may be made only in conformity with section 6501 of the California Corporations Code, is entirely devoid of merit. *Ault v. Dinner For Two, Inc.,* 27 Cal.App.3d 145, 103 Cal.Rptr. 572. (1972); *cf. Shoei Kako Co. Ltd. v. Superior Court, San Francisco,* 33 Cal.App.3d 808, 109 Cal.Rptr. 402 (1973); *Severn v. Adidas Sportschuhfabriken,* 33 Cal. App.3d 754, 109 Cal.Rptr. 328 (1973). Appellants' reliance on *Federal Machine and Welder Company v. Superior Court,* 259 Cal.App.2d 927, 66 Cal.Rptr. 841 (1968) is misplaced as that case was decided prior to the California Jurisdiction and Service of Process Act of 1969. Accordingly, service was properly made pursuant to sections 413.10, 415.10, and 416.10 of the California Code of Civil Procedure.

■ Appellants' remaining contention is that the requisite minimum contacts do not exist to uphold the exercise of *in personam* jurisdiction on the facts of this case. *See, Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Ault v. Dinner For Two, Inc.,* 27 Cal.App.3d 145, 103 Cal. Rptr. 572, *supra.* We find from the record, as did the district court, that more than sufficient contacts exist between the appellants and California in relation to the causes of action sued upon, properly to subject the appellants to California's jurisdiction.

Accordingly, the default judgment is Affirmed.