24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leo GRILLO; Dedication and Everlasting Love to Animals,
aka: D.E.L.T.A. Rescue, Plaintiffs-Appellants,
v.
NATIONAL GEOGRAPHIC SOCIETY; National Geographic Magazine,
Defendants-Appellees. (Two cases)
 Nos. 92-56063, 92-56420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 24, 1994.*
Decided April 21, 1994.
As Amended on Denial of Rehearing and Request
for Sanctions July 21, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal No. 92-56063, Leo Grillo, president of the nonprofit group Dedication and Everlasting Love to Animals, appeals the district court's order granting the National Geographic Society, Inc.'s (Geographic) motion to quash service of process and motion to dismiss the complaint under Fed.R.Civ.P. 41(b). In appeal No. 92-56420, Grillo appeals the district court's order denying his motion to vacate the order of dismissal under Fed.R.Civ.P. 60(b). We affirm the district court's order in appeal No. 92-56063, and dismiss appeal No. 92-56420.
 
 
 3
 Grillo's contention that the district court erroneously granted Geographic's motion to quash service of process lacks merit. When the underlying facts are not disputed, a district court's determination regarding personal jurisdiction is a question of law that is reviewed de novo. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 687 (9th Cir.1988).
 
 
 4
 The Federal Rules of Civil Procedure, Rule 4 allows service of process upon a corporation "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State." Fed.R.Civ.P. 4(c)(2)(C)(i). California law allows service by mail upon nonresidents. Cal.Civ.Proc.Code Sec. 415.40. Under California law, service upon a corporation can be effected by delivering a copy of the complaint to either the person designated as the agent for service of process under the provisions of the Corporations Code (Secs. 202, 1502, 2105 or 2107), or to "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal.Civ.Proc.Code Sec. 416.10.
 
 
 5
 The service which was quashed by the order appealed from was served upon C.T.--Washington D.C. The district court correctly held that this service was improper, as C.T.--Washington D.C. was the authorized agent of Geographic only for actions originating in the District of Columbia, whereas the instant action originated and was filed in California. Under California law, service is only allowed upon an agent who is designated as agent for service of process "as provided in Section 202, 1502, 2105, or 2107 of the Corporations Code." Cal.Civ.Proc.Code Sec. 416.10(a). These sections all provide for registration of an agent for service of process within the state, and make no mention of agents registered for service of process in other states. Therefore, under California law, service upon an agent registered in another state is not effective as to actions in California. See Federal Machine and Welder Co. v. Superior Court, 259 Cal.App.2d 927, 66 Cal.Rptr. 841 (1968).[1]
 
 
 6
 Grillo claims that "at no time in the proceedings did Appellee submit evidence, or even argue, that C.T. Corporation of the District of Columbia was not authorized to accept service of process on its behalf and that it was only authorized to accept service in Washington D.C. regarding cases brought in that district." Grillo argues that therefore, there is no support for the conclusion that C.T.-Washington D.C. was only authorized to receive service of process in D.C. We find that this assertion lacks merit.
 
 
 7
 While Geographic never stated in so many words that C.T.-Washington D.C.'s authorization was limited to Washington, D.C., this assertion was implied in the motion to quash service of process. The district court found that C.T.-Washington D.C.'s authority was expressly limited to receiving service in D.C. This is a finding of act which will be upheld unless clearly erroneous.
 
 
 8
 Grillo has offered no evidence whatsoever that the determination that C.T.-Washington D.C.'s authority was limited was erroneous. Grillo carries that burden of proving this, and has failed to meet that burden. In fact, Grillo never actually argues that the authority was not expressly limited.
 
 
 9
 Because C.T.-Washington D.C. was only authorized to receive service of process for actions in that district, it was not "a person authorized to receive service of process" for the purposes of Sec. 416.10(b), because its authorization was limited. Where Sec. 416.10(b) refers to "a person authorized", it is implied that the authorization can be expressly limited, and in this case the district court found that it was.
 
 
 10
 Nor was the service to Geographic's former employee J.B. Hogan effective. Cal.Civ.Proc.Code Sec. 416.10 does not authorize service upon a former employee of a Corporation. Grillo alleges that because Geographic did in fact receive this service, as acknowledged by Geographic's corporate counsel Susan Dupre, it constituted notice of the suit, and should be construed as proper service. However, in California, "[t]he notice requirement is not satisfied by actual knowledge of the action without service conforming to the statutory requirements, which are to be strictly construed." Taylor-Rush v. Multitech Corp., 217 Cal.App.3d 103, 111, 265 Cal.Rptr. 672, 675 (1990). This court has held that defendants must be served in accordance with Rule 4 of the Federal Rules of Civil Procedure or there is no personal jurisdiction. "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982) (citations omitted).
 
 
 11
 Grillo also contends that his failure to complete proper service should be excused because he sent the summons to C.T.--Washington D.C. relying on information from a Geographic employee, and because Geographic does not have a registered agent for service of process in California. Both these contentions lack merit. First of all, as to relying on the Geographic employee in making service upon C.T.--Washington D.C., Grillo knew or should have known from previous quashing of service upon C.T.--Maryland that serving an agent in a foreign jurisdiction is ineffective as a matter of law. Grillo's argument that his failure should be excused because Geographic does not have an agent registered in California ignores the fact that service could have been accomplished simply by mailing the summons to an authorized corporate officer, such as Geographic's president, vice-president, secretary or treasurer under Cal.Civ.Proc.Code 416.10. Therefore, the district court's order quashing Grillo's attempted service is affirmed.
 
 
 12
 Grillo also contends that the district court erred in dismissing his suit with prejudice under Fed.R.Civ.P. 41(b) for failure to prosecute. We review the district court's dismissal for failure to prosecute for abuse of discretion. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991). While Grillo is correct that Fed.R.Civ.P. 4(j) contemplates dismissal without prejudice where service is not made within 120 days of filing of the complaint, it is evident from the record in this case that the district court dismissed this case pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute.
 
 
 13
 Nor did the district court abuse its discretion in finding a failure to prosecute. Failure to effect proper service can constitute the ground for failure to prosecute. Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir.1976). "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." Id. The record shows that Grillo attempted to serve Geographic four different times. Twice Grillo made the same mistake of serving Geographic's agent designated for service in another jurisdiction, despite being specifically informed by the district court that this was not effective after his first such mistake. Service could have been easily completed by simply complying with the statute, which provided various means for properly serving Geographic. Therefore, under these circumstances dismissal with prejudice under Fed.R.Civ.P. 41(b) was not an abuse of the district court's discretion.
 
 
 14
 In appeal No. 92-56420, Grillo appeals the district court's denial of his motion under Fed.R.Civ.P. 60(b) to vacate the order of dismissal. Because we find that the district court lacked jurisdiction over Grillo's motion, we dismiss his appeal.
 
 
 15
 This court reviews de novo the district court's assertion of jurisdiction for Rule 60(b) motions. Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1600 (1993).
 
 
 16
 Once a notice of appeal is filed, the district court lacks jurisdiction to rule on a motion to vacate filed pursuant to Rule 60(b). Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979). Grillo filed his Rule 60(b) motion four days after he filed his notice of appeal. The proper method of proceeding in such a situation is for the party seeking relief under Rule 60(b) to move for this court to remand the case after asking the district court whether it wishes to entertain the motion to vacate. Id.; see also Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir.1990) (en banc). Because the district court's action in denying Grillo's motion was done without jurisdiction it is a non-appealable order. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986). Therefore we dismiss Grillo's appeal from the district court's denial of his Rule 60(b) motion.
 
 
 17
 Finally, Geographic asks that sanctions be imposed upon Grillo under Fed.R.App.P. 38 for bringing this appeal. In exercise of our discretion, we deny such sanctions.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 While Federal Machine and Welder Co. was decided prior to the California Jurisdiction and Service Act of 1969, there is no indication that this act affects the holding that service upon a designated agent for service of process in another state is invalid in California. Nor is this court's decision in Ameron v. Anvil Industries, Inc., 524 F.2d 1144 (9th Cir.1975), to the contrary. In that case, we held that failure to comply with Cal.Corp.Code Sec. 6501 (repealed in 1975) did not invalidate service, in light of the adoption of the California Jurisdiction and Service Act of 1969. Section 6501 provided that where a Corporation had no agent for service of process registered in the state, service had to be made upon the Secretary of State. This section has since been replaced by Cal.Civ.Proc.Code Secs. 413.10, 415.10 and 416.10, which allows service out of state. However, nothing in Sec. 416.10 allows service upon an agent registered in another state