[Civ. No 33086.   Second Dist., Div. Three.   Aug. 30, 1968.]

U.S. CAP & CLOSURE, INC., Petitioners, v. THE SUPE-
RIOR COURT OF LOS ANGELES COUNTY, Respond-
ent; PRESSURE DISPENSERS, INC., Real Party in
Interest.

Leonard S. Knox, Christie, Parker & Hale and Edwin L.
Hartz for Petitioner.

No appearance for Respondent.

Hastings, Blanchard & Hastings, James H. Hastings and
Robert G. Blanchard for Real Party in Interest.

COBEY, Acting P. J.—This case comes before us upon a
petition for a writ of mandate to compel the respondent court
to quash the substituted service of summons and complaint
upon petitioner, an Illinois corporation[1] which has never
qualified to do business in California. (See Code Civ. Proc.,
§ 416.3.) This service was effectuated pursuant to Corpora-
tions Code, section 6408, in an action for breach of a license

---

[1]Under Corporations Code, sections 106 and 6201, petitioner is a "for-
eign corporation." The code references herein will be to the Corporations
Code unless otherwise indicated and all statutory references are to the
sections as they existed at all times relevant herein.

agreement brought by the real party in interest, Pressure Dispensers, Inc., hereafter called ''Dispensers,'' against petitioner. This case appears to be one of first impression so far as the validity of substituted service under section 6408 is concerned.

It is conceded that as of the time of the commencement of the main action, petitioner was not transacting intrastate business in California. However, the claim is made by Dispensers that for approximately four years, ending on February 7, 1967, petitioner transacted such business in this state and thereby rendered itself subject to substituted service pursuant to section 6408. Section 6408 provides that any nonexempt foreign corporation which transacts *intrastate* business without having qualified to do so may be served by substituted service upon the Secretary of State.[2] We conclude that service upon petitioner pursuant to section 6408 was invalid because petitioner had never engaged in *intrastate* business within the meaning of that section.

The evidence taken below established the following facts with respect to petitioner's past transaction of business in California.[3] For over four years ending on February 7, 1967, one Arthur Todd, a manufacturer's representative, who apparently represented other concerns in addition to petitioner, maintained an office first in Whittier, California and later in Montebello, California and solicited orders for petitioner's products in the Los Angeles area. During this time, petitioner first listed Todd's Whittier office and then his Montebello office as its ''West Coast Office'' on its letterheads, in national trade advertising, in national manufac-

[2] Unlike substituted service under sections 6501, 6502 and 6504, section 6408 does not have a requirement that a court order be obtained before substituted service may be made.

Code of Civil Procedure, section 411, subdivision 2, which purports to govern the manner of service upon foreign corporations ''doing business in this state,'' refers *only* to ''sections 6500 to 6504, inclusive, and omits any mention of section 6408.

[3] Such evidence consisted of the affidavits of Harry H. Henry, petitioner's secretary-treasurer, and of James H. Hastings, Dispensers' secretary-treasurer, and the depositions of Henry, A. Wesley Newby, petitioner's president, and Sidney M. Libit, petitioner's vice-president. They have been added to the record in this case by us pursuant to rules 53 and 12(a) of the California Rules of Court. Furthermore in the order of this court directing that the alternate writ of mandate issue herein, the parties were notified pursuant to Evidence Code, section 459, that in the absence of objection we would take judicial notice of the superior court file in the main action, No. 909,649, entitled ''Pressure Dispensers, Inc. v. U. S. Cap & Closure, Inc.'' No objection was made.

turers' registers, and in promotional material and price schedules. During the last three years of Todd's association with petitioner, he earned a total of approximately $3,000 in commissions upon some $30,000 in sales to customers of petitioner who were located in California. These customers were principally four bottle jobbers. Most of the orders which Todd obtained for petitioner came directly to petitioner from the jobbers themselves. But some of the orders were sent in by Todd directly to petitioner. When this occurred, petitioner's acceptance of the order was likewise sent back to the customer through Todd. Todd had no authority to accept or reject the orders he obtained for petitioner. Such decisions were made entirely by petitioner at its office in Chicago, Illinois.

Petitioner filled the orders from its customers located in California by having the ordered products manufactured at certain plants located in Illinois and Ohio. The shipments of the goods so manufactured were made directly from these plants to the customers. Billings for the shipments and collections thereon were made entirely from petitioner's Chicago office.[4] Once or twice a year petitioner's president, in company with Todd, did some trouble-shooting with its California customers—principally the already-mentioned four bottle jobbers. Todd received no compensation from petitioner other than the previously mentioned sales commissions which were paid him on all of petitioner's sales to customers located in California regardless of whether or not he obtained the orders personally. None of Todd's business expenses were reimbursed by petitioner. Petitioner never maintained any inventory or other property or funds in California and its name was not listed in any telephone directory of any California locality.

This is not a "doing business" case under Code of Civil Procedure, section 411, subdivision 2 and such cases are therefore generally irrelevant to the basic question here. (See *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court,* 51 Cal. 2d 72, 76 [330 P.2d 789].) The question in this case is whether the business petitioner conducted in California through Todd constituted the transaction of intrastate business within the meaning of section 6408. To transact intrastate business means to enter into "repeated and successive transactions of . . . business in this state, other than interstate or foreign

---

[4]Todd did assist in the collections of one or two accounts in his four years' association with petitioner.

commerce." (Corp. Code, § 6203; see also § 6300.)[5] Dispensers has failed to establish that petitioner transacted such business. (Cf. *Confidential, Inc.* v. *Superior Court*, 157 Cal. App.2d 75, 79 [320 P.2d 546]; *Automotriz etc. De California* v. *Resnick*, 47 Cal.2d 792, 794 [306 P.2d 1, 63 A.L.R.2d 1042].)

The past pattern of petitioner's business activity within this state is very much the same as that disclosed in *Detsch & Co.* v. *Calbar, Inc.*, 228 Cal.App.2d 556 [39 Cal.Rptr. 626], in which it was held that the foreign corporation was not amenable to substituted service pursuant to the first paragraph of section 6504. That provision, like section 6408, requires the past transaction of intrastate business as the statutory basis for a valid substituted service upon a foreign corporation—there, with regard to a foreign corporation which has "withdrawn from business" in California.

Dispensers would distinguish *Detsch* upon three grounds. First, it points to certain factual differences. In *Detsch* the foreign corporation did no advertising within the state, there was no personal assistance to the local sales representative by any of the corporate officers, and the foreign corporation did not hold out to the trade that it had a west coast office in California. But these facts, although relevant to the foreign corporation's presence in the state for jurisdictional purposes generally, have no relevancy to the character or the nature of the business transacted as being either interstate or intrastate. Secondly, Dispensers points out that the license agreement which is the basis of its suit against petitioner was made here in California in June 1958. However, one isolated transaction obviously does not constitute "repeated and successive transactions" of intrastate business.

Finally, Dispensers claims that those comparatively few sales in which Todd himself sent the orders directly to petitioner in Chicago and in which petitioner's acceptances were sent through Todd in California to its customers constituted repeated and successive transactions of intrastate business by petitioner. The argument is essentially that since Todd was petitioner's agent, the contract acceptances were not effective upon deposit in the mail at Chicago under the usual rule (see 17 C.J.S. Contracts § 52) but were instead effective only when communicated from Todd to the customers. Thus, Dispensers

---

[5]The definitions set forth in chapter 1 of part 11 of the Corporations Code govern the construction of part 11. (§ 6200.) Section 6203's definition of transacting intrastate business applies not only to section 6408 but as well to such sections as 6504, 6801 and 6803.

argues, the contracts were made in California. (Cf. *Thorner* v. *Selective Cam Transmission Co.*, 180 Cal.App.2d 89, 91 [4 Cal.Rptr. 409].)

This claim misconstrues Todd's role. Todd had no authority either to accept or reject any of the orders which he obtained for petitioner's products. Such orders were accepted or rejected *only* by petitioner in Chicago. Therefore the contracts arising from such acceptances were made in Illinois notwithstanding petitioner's use of Todd as a conduit through which it transmitted its acceptances. (Cf. Restatement of Contracts, § 64.) In agency terms, Todd could as well be said to be the agent of the customers at that point in time.[6] Petitioner's mode of acceptance of these orders did not convert the resulting sales from interstate sales into intrastate sales.

The crux of this case is that petitioner's transactions in California were *interstate* sales. While the orders were obtained in or from California, they were accepted outside of California; the goods that had been ordered were manufactured outside of California and were shipped into California directly to the customers. Billings and collections for such shipments were likewise handled completely by petitioner upon an interstate basis from Chicago. Unlike the situation in *Eli Lilly & Co.* v. *Sav-On-Drugs, Inc.*, 366 U.S. 276, 281-282 [6 L.Ed.2d 288, 293, 81 S.Ct. 1316], Todd's activities in California were not directed toward the promotion of intrastate sales of petitioner's products; they were directed instead solely and exclusively toward the promotion of interstate sales of petitioner's products. This being the case, no valid basis for substituted service upon petitioner pursuant to section 6408 has ever existed.

Our holding makes it unnecessary for us to consider and determine the further contentions of the parties regarding the possible overlap in coverage of the withdrawn foreign corporation found in section 6408 and the first paragraph of section 6504 and the effect, if any, upon the validity of service pursuant to section 6408 by reason of the omission of any reference to this section in Code of Civil Procedure, section 411, subdivision 2. Plainly the Legislature would be well advised to take another look at exactly how it desires section 6408 to fit into

---

[6]Cf. *Ericksson* v. *Cartan Travel Bureau*, 109 F.Supp. 315, 317; Restatement of Conflicts, § 319; 2 Mecham, Law of Agency (2d ed. 1914) §§ 2320, 2362, 2413, pp. 1906-1910, 1935-1936, 1979-1980.

its statutory scheme of substituted service upon withdrawn foreign corporations.

Let a peremptory writ of mandate issue directing the respondent court to quash the service of summons heretofore made upon petitioner in the main civil action, No. 909,649 in the files of said court and entitled Pressure Dispensers, Inc. v. U. S. Cap & Closure, Inc.

Moss, J., and McCoy, J. pro tem.,* concurred.

A petition for a rehearing was denied September 26, 1968.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.