[Civ. No. 11225. Fourth Dist., Div. One. Aug. 10. 1972.]

JEFFREY AULT, Plaintiff and Appellant, v.
DINNER FOR TWO, INC., Defendant and Respondent.

## COUNSEL

McAdam & Neil and Michael I. Neil for Plaintiff and Appellant.

Singer, Schneider & Alspach and Harold G. Ayer, Jr., for Defendant and Respondent.

**OPINION**

**AULT, Acting P. J.**—Plaintiff Jeffrey Ault,* appeals from an order quashing service of summons made on a foreign corporation by serving the corporation's managing agent at the corporation's office in New Jersey.[1]

The question presented is whether the trial court erred in determining there was no basis for jurisdiction over the defendant foreign corporation. We conclude the statutory requirements for service of process were met, the constitutional basis for jurisdiction existed, and that the trial court erred in granting the motion to quash service of summons.

The facts are not in dispute. Defendant Dinner For Two, Inc., is a New Jersey corporation which publishes and sells books of tickets enabling the purchaser to obtain two dinners for the price of one at participating restaurants. In 1970 plaintiff contacted Jerry Stadin, President of Dinner For Two, and presented a plan to represent and solicit business for the corporation in California. As the result of these negotiations, a contract was signed on May 6, 1970, under which plaintiff was employed as an area representative with the exclusive right to represent and solicit business for Dinner For Two in California. Before that time, Dinner For Two had no representatives and conducted no business in California.

Plaintiff began to solicit business for the defendant corporation in California in June 1970. The orders he obtained were forwarded to the corporation in New Jersey, along with information concerning the nature of the restaurant involved. If Dinner For Two decided to accept an order, a letter was sent from New Jersey to the California restaurant owner confirming acceptance. The last such letter sent by Dinner For Two was dated November 2, 1970.

In the latter part of 1970, disagreements developed between plaintiff and Dinner For Two which resulted in the termination of the relationship. No orders taken by plaintiff in California were ever completed, and Dinner For Two derived no income or money from the orders. The only business transacted by Dinner For Two in California was the solicitation of orders

---

*The plaintiff is neither related to nor known to the author of this opinion.

[1]No formal order was signed or entered. We treat the trial court's written memorandum of opinion as the order appealed from. It was signed and filed in the action, and it concluded with the statement: "The motion to quash is granted as to both corporate and individual defendants." (See *Maxwell* v. *Perkins,* 116 Cal.App.2d 752, 755-758 [255 P.2d 10]; *Martino* v. *Concord Community Hosp. Dist.,* 233 Cal.App.2d 51, 55-56 [43 Cal.Rptr. 255].)

from restaurant owners by the plaintiff, and the letters written by the corporation to the restaurant owners confirming them. The corporation later canceled all orders which it had originally accepted.

Plaintiff filed this action for damages for breach of contract in the San Diego Superior Court, naming Dinner For Two and its President Jerry Stadin, as defendants. The complaint was filed in March 1971, some four months after the corporation ceased doing business in California. In May 1971 copies of the summons and complaint were personally served upon Stadin and upon the corporation's managing agent, Mrs. Chernak, at the corporation's office in New Jersey.

Defendants moved to quash service of the summons for lack of jurisdiction, on the ground service had been made in New Jersey when they were neither residents of California nor doing business in California. In their points and authorities defendants relied on *Detsch & Co. v. Calbur, Inc.,* 228 Cal.App.2d 556 [39 Cal.Rptr. 626], which held no statutory authority existed for serving a foreign corporation which was engaged solely in interstate business and had withdrawn from California before it was served with process. The trial court concluded the *Detsch* case was still controlling and granted the motion to quash as to both defendants. Plaintiff has appealed only from that part of the order which quashed service of summons on the corporate defendant; the order has therefore become final as to the individual defendant, Jerry Stadin, and he is no longer a party to the action.

## DISCUSSION

■ State court jurisdiction over the person of a defendant is dependent upon three factors: (1) jurisdiction of the state in the constitutional sense; (2) due process in the form of adequate notice and the opportunity for a hearing; and (3) compliance with the state's stautory requirements for the service of process (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 75, p. 600; Li, Cal. Jurisdiction and Process (Cont. Ed. Bar 1970) pp. 16-17.) In this case, the corporate defendant concedes it was afforded adequate notice and the opportunity for a hearing. It claims it was not served with process in accordance with California statutory requirements and that there exists no constitutional basis for California jurisdiction.

### EFFECT OF THE JURISDICTION AND PROCESS ACT

In 1969 California enacted the new Jurisdiction and Service of Process Act (Code Civ. Proc., § 410.10 et seq.), to become effective July 1, 1970. This comprehensive revision of the statutes was designed to modify and

up-date California law in the area and was the product of years of study by the State Bar and the Judicial Council.[2]

The heart of the 1969 revisions is Code of Civil Procedure section 410.10, which defines bases of state jurisdiction and which had no counterpart in pre-existing California statutes. The section reads: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

Section 410.10 defines the bases of jurisdiction of this state's courts in broad and flexible terms. "[Its effect] is to incorporate in California law, without specific statute or decision by our own courts, any basis of jurisdiction established now or in the future by courts properly appraising constitutional limitations." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 7, p. 532.) The breadth of the provision was recently recognized in *Michigan Nat. Bank* v. *Superior Court,* 23 Cal.App.3d 1 [99 Cal.Rptr. 823], where at page 6 the court stated: "Section 410.10 of the Code of Civil Procedure . . . manifests an intent to exercise the broadest possible jurisdiction. The constitutional perimeters of this jurisdiction are found in the decisions of the United States Supreme Court."

The sweep of the 1969 revision was not limited to the addition of Code of Civil Procedure section 410.10, defining the bases of jurisdiction. The provisions relating to the manner of serving process, both in and outside the state, were substantially changed. (Code Civ. Proc., § § 413.10-416.90.) Moreover, the new California law separates service of process from bases of jurisdiction, thereby limiting service of process to its true function of giving a defendant notice of the pending action and directing his appearance. (Li, Cal. Jurisdiction and Process (Cont. Ed. Bar), *supra,* p. 57.)

### SERVICE OF PROCESS

Code of Civil Procedure section 416.10 provides for service of process on corporations generally. It makes no distinction between corporations, foreign or domestic, resident or nonresident.[3]

---

[2]As to each of the significant provisions in the new act, the Judicial Council composed and published official comments, giving information on the source of the statute, its intended effect, and its relationship to other provisions. The Judicial Council Comments provide an important guide to statutory interpretation.

[3]The Judicial Council Comment following Code of Civil Procedure section 413.10, which sets out the general law governing service of process, states: "Generally speaking, the methods enumerated under Article 3 of this chapter may be used within or outside this state to effectuate service upon corporate or noncorporate entities and individuals." (See also Li, Cal. Jurisdiction and Process (Cont. Ed. Bar), *supra.* p. 57.)

Section 416.10 reads: "A summons may be served on a corporation by delivering a copy of the summons and of the complaint; (a) To the person designated as agent for service of process as provided by any provision of Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code; (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process; (c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b); or (d) When authorized by any provision in Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as provided by such provision."

In the instant case, the summons and complaint were served upon the corporate defendant's managing agent [general manager] in New Jersey. Such service fully complies with subdivision (b) of section 416.10.

The contention service of process could only be made on the corporate defendant under subdivision (d) of section 416.10, and could not be effected, in any event, under the holding of *Detsch & Co.* v. *Calbar, Inc., supra,* 228 Cal.App.2d 556, is without merit. When *Detsch* was decided, Code of Civil Procedure section 411, subdivision 2, provided service upon a foreign corporation *must* be in the manner specified in sections 6500-6504 of the Corporations Code. Corporations Code section 6504, then and now, authorizes substituted service upon corporations which have withdrawn from this state after transacting *intra*state business but not upon corporations which have withdrawn from the state after conducting *inter*state business. (*Detsch & Co.* v. *Calbar, Inc., supra,* 228 Cal.App.2d 556, 567; *U.S. Cap & Closure, Inc.* v. *Superior Court,* 265 Cal.App.2d 408, 411-412 [71 Cal.Rptr. 184].)

*Detsch* was decided when Code of Civil Procedure section 411, subdivision 2 [now repealed], required service of process on foreign corporations doing business in this state in accordance with Corporations Code sections 6500-6504, and relegated this state's jurisdiction to compliance with those statutory requirements. ■ Under the present law, jurisdiction over all corporations is governed by Code of Civil Procedure section 410.10. If a basis for jurisdiction as defined by that section exists, a corporate defendant, resident or nonresident, may be served with process by any of the alternative methods prescribed in Code of Civil Procedure section 416.10.

## Constitutional Basis of Jurisdiction

■ In order to subject a foreign corporation to a personal judgment, the corporation must have certain "minimum contacts" with the state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*Internat. Shoe Co.* v. *Washington,* 326 U.S. 310, 316 et seq. [90 L.Ed. 95, 101-102, 66 S.Ct. 154, 158 et seq., 161 A.L.R. 1057]; *Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57].) The test is the same under California's so-called "long-arm" statute, Code of Civil Procedure section 410.10. (*Vibration Isolation Products, Inc.* v. *American Nat. Rubber Co.,* 23 Cal.App.3d 480, 483 [100 Cal.Rptr. 269].)

■ Here the contract under consideration was to be performed in California. By it, the plaintiff undertook to represent the corporate defendant in California and to sell its product to California restaurant owners. Moreover, the corporation had direct contact with several of these owners— first accepting, and then canceling the orders the plaintiff had taken from them. That the corporate defendant eventually derived no income from the contract is not controlling. The constitutional requirements of due process are met because the suit was based upon a contract which had a substantial connection with this state. (*McGee* v. *International Life Ins. Co.,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226, 78 S.Ct. 199, 201]; *Michigan Nat. Bank* v. *Superior Court, supra,* 23 Cal.App.3d 1, 6.)

The order quashing service of summons on the defendant Dinner For Two, Inc., is reversed.

Cologne, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.