THOMAS J. DAVIS, Plaintiff

v.

LEWERS & COOKE, Defendant

Civil No. 942-75

Superior Court of Guam

October 1, 1975

ABBATE, *Judge*

### DECISION

Defendant's motion to dismiss for want of jurisdiction must be denied. The relevant code sections for analyzing this issue in controversy are Sections 406.1 and 405 of the Civil Code. Briefly, these sections allow for jurisdiction to be obtained over a foreign corporation "doing business in Guam" by serving process on the Director of Revenue and Taxation where such a corporation has not, pursuant to Section 405, designated an individual residing in Guam to accept summons and process.

The operative words which fashion the gravamen of defendant's motion are those of "doing business in Guam". Succinctly stated defendant's contention is that it has never been doing business in Guam and therefore is not subject to Civil Code Section 406.1.

"Doing business" as a legal phrase of art has been

297

construed countless times by almost every court including the U.S. Supreme Court in *McGee v. International Life Insurance Co.*, 355 U.S. 220 (1957). This phrase has been traditionally defined in terms of "minimum contacts with the forum state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice". *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945). Equally traditional in terms of adoption by other jurisdictions as a definition for this phrase is what it must consist of:

An act done or transaction consummated in the forum state or some other act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235 (1958).

Applying these definitions to the case at hand it would seem from the fact that the contract was entered into in Guam, that the services which were the subject matter of the contract were rendered in Guam, that there were numerous meetings between the parties on Guam, and that there were continuous correspondence and communications between the plaintiff on Guam with the defendant, that these activities of the defendant could be said to constitute sufficient "minimum contacts" as to fall within the nearly universal definition of doing business. See *Ault v. Dinner for Two, Inc.*, 27 Cal.App.3d 148 (1972).

With respect to defendant's allegation that the Superior Court is without subject matter jurisdiction, the court merely asserts that per operation of Section 55 of Public Law 12–235 it is vested with subject matter jurisdiction over this matter.

For the foregoing reasons the defendant's motion to dismiss is denied.

Submit order.