[Civ. No. 16405. Third Dist. May 9, 1978.]

M. LOWENSTEIN & SONS, INC., Petitioner, v.
THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent;
GRANT DAVIDSON, Real Party in Interest.

764

## COUNSEL

Hardy, Erich & Brown and Anthony D. Osmundson for Petitioner.

No appearance for Respondent.

Barr & Minoletti and Jack T. Polance for Real Party in Interest.

## OPINION

**REYNOSO, J.**—The parties are before us on a writ of mandate and/or prohibition. M. Lowenstein & Sons, Inc., the petitioner, seeks to overturn a procedural determination by the trial court. The court's order had denied petitioner's motion to quash service and alternatively to dismiss the complaint.

Three basic issues are raised: First, may petitioner (a defendant) be served by *mail* outside the state when it, a foreign corporation, has designated an agent to receive personal service within the state? Second, if so, is the California statutory scheme unconstitutional which permits service by mail outside the state when personal service is available within the state? Third, even if service by mail is permitted, was the return

timely within the required three years? (Code Civ. Proc., § 581a, subd. (a).)

We agree with the trial court that service was properly and constitutionally made.

In its ruling, the trial court summarized the following uncontroverted procedural background. Petitioner, M. Lowenstein & Sons, is a defendant in an action commenced on September 11, 1973, by Grant Davidson, plaintiff and real party in interest. An original alias summons, by which petitioner was served, was filed August 26, 1976 (well within the three-year statute). Attached to the summons was a copy of a letter from plaintiff's counsel dated August 17, 1976, directed to M. Lowenstein and Sons, and a certified mail receipt for the letter, date of delivery not shown, but received by Barr and Minoletti, plaintiff's attorneys, on August 25, 1976.

On October 12, 1976 (after the three-year statute), an affidavit executed by an employee of plaintiff's attorney was filed. It asserted that a copy of the summons, presumably the alias summons, and complaint were mailed on August 17, 1976, by air mail, registered, return receipt requested. Also, on October 12, 1976, an acknowledgement of receipt in the Judicial Council approved forms was filed showing date of receipt and date of signing acknowledgment of receipts as August 24, 1976. The signature was that of the assistant secretary for defendant corporation.

The letter attached to the alias summons and complaint advised defendant that it had been served as a "Doe I" pursuant to section 415.40 of the Code of Civil Procedure.[1]

Petitioner filed a two-part motion. First, it sought to quash service of summons claiming inapplicability of section 415.40. Second, it sought dismissal of the complaint pursuant to section 581a, subdivision (a). The court, as mentioned above, denied the motions.

---

[1]Hereinafter, unless otherwise indicated, all section references are to the Code of Civil Procedure.

1. *Service Out-of-state Pursuant to Section 415.40 of the Code of Civil Procedure*

█ Petitioner contends that service of process pursuant to section 415.40 was invalid because it had designated an agent for service within the state.

Section 415.40 permits service on a person outside the state "in any manner provided by this article *or* by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt. . . ." (Italics added.)

Thus, service by mail outside the state is expressly authorized by section 415.40. A sister statute, section 415.30, authorizes such service within the state. (*Service by Mail* (1970) 21 Hastings L.J. 1281, 1282.) Section 415.40 also provides for service outside the state in any manner provided by the Code of Civil Procedure (art. 3 of ch. 4 of tit. 5 of pt. 2). Other sections provide service by leaving copy of summons and complaint in office or home (415.20); by mail, with acknowledgement form (415.30); by publication with order of court (415.40), or by personal service (415.10).

The meaning of section 415.40 is made clear when we examine its sister statutes. Section 410.10, the first section in article 3 (Manners of Service of Summons) of chapter 4 (Service of Summons), manifests the intent to allow the broadest possible exercise of jurisdiction. It reads: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Basically, the only limitation is "fair play and substantial justice," the constitutional requirements of due process. (*Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 863-864 [126 Cal.Rptr. 811, 544 P.2d 947]; *Belmont Industries, Inc.* v. *Superior Court* (1973) 31 Cal.App.3d 281, 285 [107 Cal.Rptr. 237].)

Section 416.10 provides for service of process on all corporations, foreign or domestic, resident or nonresident. (*Ault* v. *Dinner for Two, Inc.* (1972) 27 Cal.App.3d 145, 149 [103 Cal.Rptr. 572].) It allows service on a corporation by delivering a copy of the summons and of the complaint to the agent designated for service *or* to an officer of the corporation. (Code of Civ. Proc., § 416.10, subds. (a), (b); *Ault* v. *Dinner For Two, Inc., supra,* 27 Cal.App.3d at p. 150; see *Eagle Electric Mfg. Co.* v. *Keener* (1966) 247

Cal.App.2d 246, 251 [55 Cal.Rptr. 444]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 649, pp. 1438-1439.)

We conclude that although service of process could properly be made on petitioner's designated agent by any of the methods prescribed for service within the state, the agent was not the only person upon whom service could be made. (Code Civ. Proc., §§ 413.10, 416.10; *Ault* v. *Dinner for Two, Inc., supra,* 27 Cal.App.3d at p. 150.) Among the statutory alternatives open to Davidson was that of serving by mail a copy of the summons and complaint. Section 415.40 expressly so provides.

## 2. *Constitutionality of Section 415.40 of the Code of Civil Procedure*

█ But, petitioner argues, the statutory option given the plaintiff by section 415.40 is unconstitutional for it provides service by mail in situations where personal service is available.

California courts are authorized to exercise in personam jurisdiction consistent with constitutional principles. (Code Civ. Proc., § 410.10.) █ Due process requires that deprivation of life, liberty or property by adjudication be preceded by notice and an opportunity for a hearing. (*Goss* v. *Lopez* (1975) 419 U.S. 565, 579 [42 L.Ed.2d 725, 737, 95 S.Ct. 729].) The required notice is that which is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to be heard. (*Mullane* v. *Central Hanover Tr. Co.* (1949) 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652].) However, there is no constitutional requirement that personal service is indispensable when practical. (See *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 320 [90 L.Ed. 95, 105, 66 S.Ct. 154, 161 A.L.R. 1057].)

If the form of substituted service is reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard, the traditional notions of fair play and substantial justice implicit in due process are satisfied. (*Shoei Kako Co.* v. *Superior Court* (1973) 33 Cal.App.3d 808, 818 [109 Cal.Rptr. 402].) █ Since section 415.40 provided petitioner with actual notice and an opportunity to be heard, it cannot be said that the due process clause was violated. (*Ibid.*) Petitioner also argues that section 415.40 deprives it of equal protection of the laws. It treats nonresidents in an unequal manner. Section 415.40 is a rule of procedure. As such it may provide a different procedure for nonresidents

without denying equal protection. This is so since the nonresidence of defendant necessarily makes for a distinctive procedure. (See *People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129, 136 [92 Cal.Rptr. 828].)

The constitutional attack, in our view, fails.

## 3. *The Return of Service*

The return of service was defective inasmuch as it consisted only of (1) the alias summons, (2) the letter from John D. Barr to M. Lowenstein & Sons, and (3) the return receipt. It did not initially include a copy of the acknowledgement and a declaration of the individual who mailed the service. Those items were filed after the three-year statute but before the trial court ruled. The original return manifestly did not conform to the form prescribed by the Judicial Council. Therefore, according to petitioner, the trial court must dismiss the complaint. (§ 581a.) This is true, it argues, even if its arguments regarding section 415.40 fail.

Section 581a provides that the court, either on motion of any interested party or on its own motion, shall dismiss an action unless the summons on the complaint is served and return made within three years after commencement of the action. The dismissal provisions of section 581a, with certain exceptions, are mandatory and "jurisdictional" in the sense that once a case comes within its terms dismissal of the action is the only course the court can take. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 50 [115 Cal.Rptr. 241, 524 P.2d 369]; *Bernstein* v. *Superior Court* (1969) 2 Cal.App.3d 700, 702 [82 Cal.Rptr. 775]; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 96-97 [8 Cal.Rptr. 56]; *Schultz* v. *Schultz* (1945) 70 Cal.App.2d 293, 297 [161 P.2d 36].)

Notwithstanding the mandatory language of section 581a the trial court is vested with the discretion to apply exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583 (dismissal for failure to prosecute within two, three or five years). (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489].) Such discretion must be exercised in accordance with the spirit of the law and with a view toward serving rather than defeating the ends of substantial justice; each case is to be decided on its own facts as no fixed rule for all circumstances can be prescribed to guide the courts in its exercise of this discretionary power. (*Ibid.*; 50 Cal.2d at p. 741; *Lopa* v. *Superior Court* (1975) 46 Cal.App.3d 382, 388 [120 Cal.Rptr. 445].)

Subdivision (a) of section 417.20 gives the trial court some guidance. It states: "if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence. . . ." (Italics added.) The Judicial Council Comment, an additional guide to statutory interpretation (*Ault* v. *Dinner for Two, Inc., supra,* 27 Cal.App.3d, fn. 2, at p. 149), states that proof of service in the case of service by mail (§ 415.40) must show (1) the time and place a copy of the summons and complaint was mailed, (2) the name, title or representative capacity and address of the person or persons to be served, (3) "the name, age, etc." of the person who deposited the papers in the post office or mailbox as in the case of personal service. The comment further states that the affidavit or certificate must be accompanied by a return receipt or other satisfactory evidence of delivery to the person to be served.

■ Proof of service is required to inform the court that a defendant has received the necessary notice; the "return" includes not only the certificate or affidavit of the process server but the filing of the papers with the court. (*Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285, 289-290 [204 P.2d 890]; 2 Witkin, Cal. Procedure (2d ed. 1970), Actions, § 665, pp. 1449-1450.) For purposes of section 581a, the return calls for the filing of the original summons and proof of service within three years after the commencement of the action. (*Drinnon* v. *Oliver* (1972) 24 Cal.App.3d 571, 584 [101 Cal.Rptr. 120].)

Again, the Judicial Council comment to section 417.10 (governing, as we have seen, since service was outside the state) provides guidance as to the type of discretion a trial court has. It reads: "If proof of service is required, an affidavit or other proof, together with the original summons, must be filed with the clerk within three years after commencement of the action. (Cal. Code Civ Proc § 581a.) Such proof presumptively establishes the fact of proper service, but it may be impeached and the lack of proper service shown by contradictory evidence. (Los Angeles v. Morgan (1951) 105 Cal App 2d 726, 731, 234 P2d 319; see Section 418.10.) ■ *Jurisdiction depends on the fact of service,* rather than the proof thereof. (Herman v. Santee (1894) 103 Cal 519, 523, 37 P 509; Drake v. Duvenick (1873) 45 Cal 455, 463.) Consequently, if the process is in correct form, properly issued and served, and the proof of service is timely filed with the clerk, a defective affidavit will not destroy jurisdiction; the court may permit an amendment of the affidavit to conform to the facts." (Italics added.)

■ Petitioner acknowledges that the return receipt and a letter informing it that it had been served as "Doe I" pursuant to section 415.40 were timely filed with the court. It argues that proof of service was not in the form prescribed by the Judicial Council and was thus ineffective to take the case out of the mandatory dismissal provisions of section 581a. Davidson concedes that the proof of service did not comply; however, he contends that the court had notice of service of process on petitioner and that any defects in the proof of service could be cured nunc pro tunc.

We agree. The trial court could accept the return receipt and the letter as satisfactory evidence of actual delivery to the petitioner. (*Shoei Kako Co.* v. *Superior Court, supra,* 33 Cal.App.3d at pp. 817-818; cf. *Stamps* v. *Superior Court* (1971) 14 Cal.App.3d 108, 110 [92 Cal.Rptr. 151].) A proper return could do no more. It can be inferred that the trial court allowed an amendment to the return by permitting Davidson to file the acknowledgement form signed by petitioner's assistant secretary and the affidavit of his attorney's secretary in the format prescribed by the Judicial Council in its comment to section 417.20. The authority of a court to allow the filing of a proper affidavit nunc pro tunc to conform to proof is well-established. (*Morrissey* v. *Gary* (1911) 160 Cal. 390, 395-396 [117 P. 438]; *Willen* v. *Boggs* (1971) 21 Cal.App.3d 520, 524 [97 Cal.Rptr. 917].) The Judicial Council's comment to section 417.10 indicates an intent that a defective return of service prevents a dismissal (pursuant to § 581a) if the service itself is proper.

The trial court, it seems to us, acted within its discretionary powers in declaring the evidence of service filed within three years. (*Lopa* v. *Superior Court, supra,* 46 Cal.App.3d at p. 388.)

We conclude that the return of service, as amended, operated to take the case at bench out of the provisions of section 581a.

The petition for writ of mandate is denied. The order to show cause and the order staying the proceedings in the superior court are discharged.

Puglia, P. J., and Paras, J., concurred.