Filed 6/10/14  Loaiza v. Jackson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| ALEJANDRA LOAIZA,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>STEVEN RANDALL JACKSON,<br><br>　　　　Defendant and Respondent. | B245143<br><br>(Los Angeles County<br>Super. Ct. No. CF027754) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Lloyd C. Loomis, Judge.  Affirmed.

　　　　Elizabeth A. Bell for Plaintiff and Appellant.

　　　　Law Office of Brian E. Soriano, Brian E. Soriano and Brandon Schantz, for Defendant and Respondent.

_____

Plaintiff and appellant Alejandra Loaiza appeals from the dismissal of her complaint against defendant and respondent Steven Randall Jackson,[1] after the trial court granted respondent's motion to set aside his default entered 21 years earlier in this child support case. We affirm. Substantial evidence supports the finding that respondent was never served with the summons and complaint. And the filing of a substitution of attorney form did not constitute a general appearance by respondent.

## FACTUAL AND PROCEDURAL BACKGROUND

### Beginning of Lawsuit

On August 23, 1989, appellant, who was then 20 years old and pregnant with respondent's first child, Genevieve Katherine Jackson (Genevieve), initiated the instant lawsuit by filing a complaint for acknowledgment of paternity and child support with respect to Genevieve against respondent, who is the brother of the late singer Michael Jackson. A proof of service filed with the trial court states that respondent was personally served with the summons, complaint and related documents on September 2, 1989, at 9:00 a.m., at his residence located at "10560 Wilshire Boulevard, Apt. 1805, Los Angeles, California." Respondent has consistently denied being served.

On September 7, 1989, respondent filed a bankruptcy action. Appellant is listed as an unsecured creditor on the statement of liabilities. Respondent knew at that time that appellant was pregnant. The law firm of Manatt, Phelps, Rothenberg & Phillips (the Manatt firm) represented respondent in the bankruptcy action. On May 14, 1990, the Manatt firm filed a "Substitution of Attorney" form in the instant action, substituting respondent in pro. per. The Manatt firm had never made an appearance in the instant action, and no proof of service was ever filed with the substitution form.

On December 12, 1990, the first trial court to preside over this case found that respondent was duly served in the instant action and had not answered the complaint for paternity and support as to Genevieve. The court entered respondent's default and issued a default judgment.

---

[1] Throughout the record, respondent is referred to as "Steve," "Stephen," "Stephan," "Randy" and "Randi." Appellant is sometimes referred to as "Alejandra Jackson."

Respondent has never denied being the father of Genevieve or of his second child with appellant, Stephen Randall Jackson, Jr., who was born in appellant's native country of Colombia. He declared that he intended to marry appellant until he discovered that she was having an affair and that appellant's mother was a convicted drug felon.

**Child Support Agreement**

The record contains a "Child Support Agreement" dated October 28, 1993, signed by appellant and R. Brian Oxman, the Jackson family's longtime attorney (the agreement). Respondent has consistently denied knowing about appellant's complaint for support at the time this agreement was made. According to Mr. Oxman, had he and respondent known about the lawsuit, they would have petitioned the court for a modification of any support order. The agreement states that respondent will provide appellant and their two children "with housing, rent, utilities, food, and household maintenance" at the Jackson family mansion on Hayvenhurst Drive in Encino, California (the Hayvenhurst house) until the children turn 18 years old. The agreement further provides that it is "a binding legal agreement to provide [appellant] with any and all child support to which [appellant] or the minor children may be entitled, and to meet and satisfy all such obligations." The Hayvenhurst house is 18,000 square feet on 2.5 acres of land. Appellant ultimately lived there for 19 years from 1993 through 2011.

**Appellant's Marriages**

On or about September 5, 1993, appellant married a man in Las Vegas, Nevada. This marriage was annulled on September 20, 1995. However, while still married to this man, appellant married respondent's brother, Jermaine L. Jackson (Jermaine), in March 1995. Appellant and Jermaine had two children together. Appellant and Jermaine lived at the Hayvenhurst house as husband and wife with all four of appellant's children, plus respondent's mother Katherine Jackson, and sometimes one of respondent's other siblings. Appellant's marriage to Jermaine was dissolved pursuant to a stipulated judgment on May 19, 2008, but she continued to live at the Hayvenhurst house.

3

**Recent Proceedings**

In or about December 2007, appellant requested that the Los Angeles County Department of Child Support Services (CSSD) enforce the support portion of the December 12, 1990 default judgment, which related only to Genevieve. CSSD began levying respondent's bank account in 2008, when Genevieve was no longer a minor. According to respondent, this was the first time he learned about the complaint for support filed by appellant.

On March 19, 2012, respondent filed a motion to set aside the default and default judgment entered 21 years earlier on the ground that the judgment was void, because he had never been served with the summons and complaint and appellant had willfully concealed the existence of the lawsuit and default judgment while receiving full child support.

In 2012, the second trial court to preside over this case bifurcated the case to first address jurisdictional issues before hearing the merits. On May 25, 2012, the court held a hearing on two issues: whether respondent had ever been served with the summons and complaint and whether the substitution of attorney form filed in the action constituted a general appearance by respondent.

Respondent and appellant were the only witnesses to testify; their testimony was limited to the issue of service of process. Respondent testified that in 1989, he lived in a multi-story, high-security condominium complex with 24-hour security, valet parking and concierge service, two doormen, and two receptionists in the front lobby. He lived on the 18th floor, and he testified that it was "impossible" for someone to come to the 18th floor if the person had not been invited by him. Respondent explained that visitors did not have direct access to the elevators; instead, a visitor would only be able to enter the elevator after one of the receptionists called the resident, obtained permission to send the visitor up to the unit, and security unlocked the elevator. His own procedure was to alert the receptionists ahead of time that he was expecting a visitor. If he did not do that, the receptionists would say that he did not live there. Even if he did call ahead, the receptionists would still call him once the visitor arrived. He chose the building because

4

he had previously been kidnapped, and the building had extra security and government dignitaries in residence. There was "no doubt" in his mind that he was never served with the summons and complaint at his residence or anywhere else. On cross-examination, respondent testified that he entered and exited the building through the garage and never through the front lobby.

Appellant testified that respondent usually valet parked in front of the building and walked through the lobby where the receptionists were stationed.

After hearing testimony, the trial court asked the parties to submit briefing on the issue of whether the filed substitution of attorney form constituted a general appearance.

In a written ruling addressing both issues, the trial court found that respondent's testimony was credible. The court determined that there had been no personal service of the summons and complaint, therefore the default judgment entered 21 years earlier was void for lack of personal jurisdiction. The court also found that the substitution of attorney form filed by the Manatt firm substituting respondent in pro. per. did not constitute a general appearance by respondent. The court granted the motion to set aside the default judgment, and dismissed the action for failure to serve the summons and complaint within three years (Code Civ. Proc., §§ 583.210, 583.250).

This appeal from the judgment of dismissal followed.

DISCUSSION

Appellant contends that the trial court erred in finding that the default judgment is void because (1) respondent was personally served with the summons and complaint at his residence or, at the very least, had notice of the lawsuit and failed to file a timely motion for relief, and (2) respondent made a general appearance when his bankruptcy attorneys filed a substitution of attorney form in the instant lawsuit.

## I. No Service of Process

"When the trial court has resolved a disputed factual issue, the appellate courts review the ruling according to the substantial evidence rule. If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed." (*Winograd v. American Broadcasting Co.*(1998) 68 Cal.App.4th 624, 632.) While appellant urges a

5

de novo standard of review, the trial court was asked to make the *factual* determination of whether respondent was served with the summons and complaint. The trial court was not limited to deciding questions of law.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314; *In Re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166 ["It is a fundamental concept of due process that a judgment against a defendant cannot be entered unless he was given proper notice and an opportunity to defend"]; U.S. Const. art. XIV, § 1.) Thus, a "plaintiff may not take a default against a defendant without giving the defendant actual notice as required by statute." (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 430.)

When a plaintiff or the court fails to comply with the applicable statutes regarding service a judgment is void, not merely voidable. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226 (*Gorham*) ["'[a] judgment is void for lack of jurisdiction of the person where there is no proper service of process on or appearance by a party to the proceedings'"].) When a court lacks "'fundamental jurisdiction'" over the parties or subject matter, any ensuing judgment is void and vulnerable to collateral or direct attack at any time. (*Id.* at p. 1225; *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.) Importantly, a judgment that is acquired in violation of due process rights is void and must be set aside regardless of the merits of the underlying case. (*Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 86–87.) Prejudice is not a factor in setting aside a void judgment or order. (*Sindler v. Brennan* (2003) 105 Cal.App.4th 1350, 1354.)

Appellant argues that respondent was served with the summons and complaint because the process server stated under oath in the filed proof of service that respondent was personally served. But a filed proof of service creates only a rebuttable presumption that service was proper. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426,

6

1441; *M. Lowenstein & Sons, Inc. v. Superior Court* (1978) 80 Cal.App.3d 762, 770; Evid. Code, § 647.) Substantial evidence supports the trial court's finding that the presumption was rebutted.

At the hearing on the motion to set aside the default judgment, held on May 25, 2012, respondent testified on the issue of whether he had been served. He denied that he had been personally served, and the trial court found his testimony credible. We are bound by this finding. (*Postier v. Landau* (1953) 121 Cal.App.2d 98, 101 [""""[I]t is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends""""].) Respondent explained that while he lived at the address on the filed proof of service, he lived on the 18th floor of the building and no one could visit his unit on that floor unless he gave his permission to the receptionists in the lobby. He did not give permission to send up a process server. The only witness called by appellant's attorney was appellant, who merely testified that respondent entered and exited the building through the front lobby. Although this testimony contradicted respondent's testimony that he never walked through the lobby, appellant's testimony did not speak at all to the issue of whether respondent was served. The proof of service did not indicate that respondent was personally served in the lobby.

Appellant nevertheless argues that the trial court erred in setting aside the default judgment by relying on Family Code section 3691. This section states that a support order may be set aside if it is the result of actual fraud, perjury, or lack of notice. Subdivision (c)(1) provides: "When service of a summons has not resulted in notice to a party in time to defend the action for support and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event later than six months after the party obtains or reasonably should have obtained notice (A) of the support order, or (B) that the party's income and assets are subject to attachment pursuant to the order." (Fam. Code, § 3691, subd. (c)(1).)

7

Appellant argues that pursuant to this statute, respondent had or reasonably should have had notice of the complaint for support back in 1989. She points to various factors, including that respondent named her as a creditor in his bankruptcy action filed within days of the date he was allegedly served with the summons and complaint; he began making child support payments (though not in the amount of the support order); and he was served personally or by mail with other pleadings prior to the default judgment. Appellant also points out that respondent has admitted he was aware that his bank account was being levied in 2008 for back child support, and he did not file for relief from default for another four years.

Family Code section 3691 is inapplicable here. The default judgment obtained by appellant is not merely voidable, it is void for lack of jurisdiction because there was no fulfillment of the constitutional due process requirement that a defendant be served with a summons and complaint within three years of the filing of the action. In *Gorham*, *supra,* 186 Cal.App.4th 1215, where the reviewing court found a default judgment in a paternity and support case void for lack of jurisdiction over the defendant, the court similarly refused to apply Family Code section 3691: "Although the trial court correctly declared the default judgment void, it declined to vacate the judgment and dismiss the complaint and summons although they have never been served on Gorham because it construed the law as requiring his motion to be brought within certain statutory times, particularly the time limits in Family Code section 3691, or made within a reasonable time to confer it with jurisdiction to act on his motion. However, as already mentioned above, because Gorham established through extrinsic evidence that the default judgment was void for want of personal jurisdiction over him, it had the same effect as if it had been void on its face and the court had the inherent power to set it aside even though any statutory periods had run. [Citations.]" (*Gorham*, *supra,* at p. 1231, fn. omitted.) As respondent aptly notes, "a California Family Code section cannot breathe life into a void judgment." "[W]here it is shown that there has been a complete failure of service of process upon a defendant, he generally has no duty to take affirmative action to preserve his right to challenge the judgment or order even if he later obtains actual knowledge of it because

8

'[w]hat is initially void is ever void and life may not be breathed into it by lapse of time.' [Citation.] Consequently under such circumstances, 'neither laches nor the ordinary statutes of limitation may be invoked as a defense' against an action or proceeding to vacate such a judgment or order." (*Id*. at p. 1229.)

"Because [respondent] was never served with the complaint and summons, . . . the trial court never obtained personal jurisdiction over him [citation], and the resulting default judgment was, and is, therefore void, not merely voidable, as violating fundamental due process." (*Gorham*, *supra*, 186 Cal.App.4th at p. 1230.)

## II. No General Appearance

Appellant argues that, notwithstanding any failures regarding service of the summons and complaint, respondent made a general appearance in this action when the Manatt firm, his attorneys in the bankruptcy case, filed a substitution of attorney form in this case on May 14, 1990, substituting themselves with respondent in pro per.

In addressing the issue of whether the substitution of attorney form constituted a general appearance, the second trial court stated in its written ruling: "The Court is in a quandary as to exactly why the Substitution of Attorney was submitted by the Manatt firm. The Manatt firm had not entered an appearance in this case and the Court does not see any reason for this filing of this document. (The Court notes that no other firm or attorney entered an appearance on behalf of the Respondent in this case.) Significantly, the Court record does not have any form of Proof of Service for this document. The document specifically provides that notice must be served pursuant to Code of Civil Procedure, Section 285."

Appellant does not cite any case or authority to support her position that the mere filing of a substitution of attorney form constitutes a general appearance. Moreover, Code of Civil Procedure section 285 provides: "When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney." The proof of service attached to the substitution of attorney form is blank. Thus, the substitution of attorney form did not

9

comply with the statutory requirements. While appellant relies on the declaration executed in 1990 by her attorney, Marvin Mitchelson, in which he stated that he was "informed and believe[s] that the Substitution of Attorney was provided to Plaintiff by the Defendant in this matter, Randy Jackson, and/or his attorneys of record," this statement is meaningless because appellant cannot even confirm by whom or when the substitution of attorney was served on her.

Moreover, prior to entry of the void default judgment, respondent never had any attorneys of record in this case, never personally appeared, and never filed any papers.

On a final note, appellant asserts in the last sentence of her opening brief that all of the pleadings filed by respondent after the void judgment also constitute general appearances because respondent sought relief on grounds other than "a motion to quash for lack of personal jurisdiction and does not strictly refrain from raising or presenting other issues or arguing the merits of the action." Appellant is presumably referring to other pleadings filed by respondent within a year or so prior to respondent's filing of the motion for default. She cites to several cases for the proposition that a party who seeks relief on any basis other than a motion to quash for lack of personal jurisdiction will be deemed to have made a general appearance. But many of the cited cases predate the 2002 amendment to Code of Civil Procedure, section 418.10, which added subdivision (e), providing that a defendant who challenges jurisdiction may simultaneously answer, demur, or move to strike the complaint. In any event, the pleadings filed by respondent were filed nearly two decades after the void judgment was entered. Nothing appellant did at that point could revive the void judgment.

Under the unique facts of this case, we find the second trial court correctly determined that the default judgment entered in 1990 was void for lack of personal jurisdiction because respondent was never served with the summons and complaint or made a general appearance prior to the void judgment.

10

## DISPOSITION

The judgment dismissing the action is affirmed.  Respondent is entitled to recover his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
         ASHMANN-GERST


We concur:


_____, J.
         CHAVEZ


_____, J.*
         FERNS

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.